Philip G. HALLAM, Jr. and Judy
P. Hallam

v.

Michael J. MURPHY, as the District
Director of Internal Revenue.

Civ. A. No. C83–1182A.

United States District Court,
N.D. Georgia, Atlanta Division.

Dec. 2, 1983.

William A. McConnell, Jr., Norcross, Ga.,
for plaintiffs.

Sharon Stokes, Asst. U.S. Atty., Atlanta,
Ga., Victoria Sherlock, Atty. Tax Div.,
Dept. of Justice, Washington, D.C., for defendant.

ORDER

TIDWELL, District Judge.

On June 6, 1983, plaintiffs filed the above-styled action seeking an injunction to permanently enjoin the defendant from collecting any alleged tax deficiencies of the plaintiff for the tax year 1977. The plaintiffs contended that the defendant had not given them the required notice, and therefore, the defendant could not legally seek to collect any alleged tax deficiencies. On August 10, 1983, the defendant abated the tax assessment complained of by the plaintiff. Presently before the court are the defendant's motion to dismiss this action, plaintiffs' motion to join an indispensable party and plaintiffs' motion for an award of costs and fees.

The plaintiffs seek to add the United States of America as a party defendant in this action, because the previously named defendant was acting in official capacity at all times, thereby requiring that the previously named defendant's employer be joined as a party defendant so that an award of costs and fees could be sought. The defendant and the prospective defendant have stated that they do not oppose plaintiffs' motion. Accordingly, the court hereby grants and sustains plaintiffs' motion to join an indispensable party.

██ In his motion to dismiss, the defendant contends that the plaintiffs' complaint is now moot because the tax assessment against the plaintiffs has been abated. However, in their complaint, the plaintiffs

also sought costs and attorney's fees. Therefore, defendant's characterization that this action is now moot is not correct. Accordingly, defendant's motion to dismiss is hereby overruled and denied.

In their motion for an award of costs and fees, the plaintiffs contend that they are entitled to certain costs and fees pursuant to 26 U.S.C. § 7430. The defendants (since the United States did not oppose plaintiffs' motion to join, the attorney representing the original defendant, the District Director of the Internal Revenue Service, has briefed plaintiffs' motion as if the United States was already in fact a defendant) contend that the plaintiffs are not entitled to an award of costs and fees, because the plaintiffs did not exhaust all available administrative remedies, and because the position taken by the government in this matter was reasonable.

26 U.S.C. § 7430 provides, in pertinent part, the following:

(a) In general.—In the case of any civil proceeding which is—

(1) brought by or against the United States in connection with the determination, collection, or refund of any tax, interest, or penalty under this title, and

(2) brought in a court of the United States (including the Tax Court), the prevailing party may be awarded a judgment for reasonable litigation costs incurred in such proceeding.

(b) Limitations.—

(1) Maximum dollar amount.—The amount of reasonable litigation costs which may be awarded under subsection (a) with respect to any prevailing party in any civil proceeding shall not exceed $25,000.

(2) Requirement that administrative remedies be exhausted.—A judgment for reasonable litigation costs shall not be awarded under subsection (a) unless the court determines that the prevailing party has exhausted the administrative remedies available to such party within the Internal Revenue Service.

．　　　．　　　．　　　．　　　．

(c)(2) Prevailing party.—

(A) In general.—The term "prevailing party" means any party to any proceeding described in subsection (a) (other than the United States or any creditor of the taxpayer involved) which—

(i) establishes that the position of the United States in the civil proceeding was unreasonable, and

(ii)(I) has substantially prevailed with respect to the amount in controversy, or

(II) has substantially prevailed with respect to the most significant issue or set of issues presented.

Although the defendants concede that the plaintiffs were prevailing parties, the defendants contend that the plaintiffs did not exhaust all available administrative remedies. In a letter dated February 10, 1983 (from the Internal Revenue Service to the plaintiffs' accountant), the defendants told the plaintiffs that if you "want your case to be given further consideration, you must pay the tax due and then file the enclosed Form 1040X to claim a refund." The plaintiffs argue that they did in fact exhaust all available administrative remedies, and that the paying of the alleged tax deficiencies and claim for a refund is not within the definition of "administrative remedies" as used in 26 U.S.C. § 7430.

After carefully considering the arguments and contentions of the parties, the court concludes that the plaintiffs did exhaust all available administrative remedies within the meaning of 26 U.S.C. § 7430. The defendants' position that plaintiffs were required to pay the taxes in dispute and claim a refund before all administrative remedies were exhausted cannot be supported. The defendants' assertion that "[i]f the refund procedure is an adequate legal remedy prohibiting injunctive relief, it is entitled to recognition as an adequate administrative remedy under 26 U.S.C. § 7430" is not sustainable. Whether the plaintiffs had an adequate remedy at law is a different question than whether the plaintiffs exhausted all available administrative

remedies. The defendants have failed to establish that the plaintiffs did not exhaust all available administrative procedures, and therefore, this contention of the defendant is without merit.

 The defendants also contend that the plaintiffs are not entitled to an award of costs and fees, because the positions taken by the defendants were reasonable and that 26 U.S.C. § 7430(c)(2) requires the plaintiffs to show otherwise. The plaintiffs contend that the positions taken by the defendants were unreasonable, insofar as the defendants continued to seek the collection of the alleged tax deficiencies until the plaintiffs filed this lawsuit even though the defendants were aware that the plaintiffs had never been properly notified. The court agrees with the plaintiffs that the proper time frame to view the defendants' conduct is throughout this entire tax proceeding, not just the time frame after the plaintiffs filed their lawsuit. The defendants continued to insist that the plaintiffs owed a certain amount of taxes, even though the defendants were, or should have been, aware that the plaintiffs had never been properly notified. The continued assertion of a position with knowledge that the position is based upon an erroneous assumption is per se unreasonable. Therefore, the court finds that the position of the defendant in this matter was unreasonable, and that the plaintiffs were forced to file the above-styled lawsuit in order to require that the defendants abate the tax proceedings.

For the reasons stated above, the court concludes that the plaintiffs are entitled to costs and fees pursuant to 26 U.S.C. § 7430. In their brief in support of the motion for costs and fees, counsel for the plaintiffs filed an affidavit that set forth his fees and other expenses incurred by the plaintiffs in this action. The defendants have not yet filed a response to that affidavit. The court hereby grants the defendants ten (10) days from the date of this order in which to respond to the aforementioned affidavit. If the defendant fails to file a response to the affidavit, the court hereby grants and sustains plaintiffs' motion for $540.00 in costs and fees. If the defendant does file a response to the affidavit, the court hereby directs the Clerk of this Court to resubmit the plaintiffs' motion for costs and fees at the end of the aforementioned ten (10) day period.

In summary, the court hereby grants and sustains plaintiffs' motion to join an indispensable party; the court hereby overrules and denies defendant's motion to dismiss; and the court hereby grants and sustains plaintiffs' motion for costs and fees. The Clerk of this Court is hereby directed to resubmit the plaintiffs' motion for costs and fees ten (10) days from the date of this order if and only if the defendants file a response to the affidavit of plaintiffs' counsel.