Helen R. SHARPE, Executrix of the Estate of Howard W. Sharpe, Plaintiff,

v.

UNITED STATES of America,
Defendant.

Civ. A. No. 83–936–A.

United States District Court,
E.D. Virginia,
Alexandria Division.

March 30, 1984.

Order May 11, 1984.

---

## MEMORANDUM OPINION

BRYAN, District Judge.

This case is before the court on the plaintiff's motion for attorney's fees made pursuant to 26 U.S.C. § 7430.

This action for a refund of estate taxes was filed, pursuant to 28 U.S.C. § 1346(a), on September 12, 1983. The United States filed its answer denying liability on November 17, 1983. By agreement of counsel at the February 16, 1984 pretrial conference the case was to be submitted on stipulation and briefs and oral argument heard March 23, 1984. Plaintiff filed its brief with the court February 29, 1984. On March 16, 1984, defendant's brief was sent to plaintiff's counsel, although it was not filed with the court, and on March 19, 1984, defendant's counsel notified plaintiff's counsel that the government conceded the case.

The case involved the issue whether the plaintiff/decedent who was the testamentary beneficiary of a trust for life and named as a co-trustee of that trust, had, by imputation, a general power of appointment includable in his estate under 26 U.S.C. §§ 2033, 2041, which he relinquished when he resigned on July 8, 1977, a period within three years of his death and thus includable as part of his taxable estate pursuant to 26 U.S.C. § 2035; notwithstanding the fact that plaintiff/decedent could not participate in any decision by the trustees to use the income or invade the corpus of the trust for his benefit. Because the government has conceded the tax issue, the sole question before the court is whether the position taken by the government in this proceeding was unreasonable. In the opinion of the court this question turns on the reasonableness of the government's contention that, by imputation, a general power of appointment existed in the plaintiff/decedent as those powers are defined in 26 U.S.C. § 2041(b).

In this case the government has admitted [1] that:

> ... [I]n each instance in the will where the Trustees are empowered to invade corpus or use income for the benefit of Howard, his wife, or children, Howard is prohibited from participating as Trustee.

(Govt. memo. at 14.) [2]

The government contended however that the powers vested in the other trustees were so broad and unfettered, in conjunction with the lack of interests adverse to Howard's, amounted to creation of a general power of appointment in Howard [3] under

---

1. The government's position is evidenced by its Memorandum in Support of its Motion for Summary Judgment. This brief was filed with the court as an exhibit to the opposition to plaintiff's motion for attorney's fees and costs.

2. Nor could Howard participate in any decision to pledge assets of the trust in support of his own credit [Will, Item VII(1) ].

3. "The basis of the Government's argument is, of course, that the broad powers of the indepen-

26 U.S.C. § 2041 and that the resignation of the trusteeship was a release of that power made taxable by that section and its regulations,[4] under 26 U.S.C. § 2035.

In this case the decedent, as co-trustee, did not have a power of appointment over trust property exercisable in his favor. The case of *First Virginia Bank v. United States*, 490 F.2d 532 (4th Cir.1974), is inapposite because there the widow/decedent had a life estate and the power to dispose of the stock unlimited by an ascertainable standard. Likewise, the cases cited by the defendant for the proposition that where an appointee can exercise a power to provide for his own comfort, that power is a general power of appointment under 26 U.S.C. § 2041(b)(1)(A),[5] are not applicable to this case.

■ Here Howard was not empowered to act jointly with the other trustees; dispositions for his benefit were within the sole discretion of the other trustees. While there is no evidence that the other trustees had interests in the trust property adverse to dispositions in favor of the decedent, none were required.[6] The adverse interest rule is properly applicable to cases where the appointee acts jointly with others in exercising the power in his own favor. 26 U.S.C. § 2041(b)(1)(C)(ii). In this case the decedent could request a disposition but could not participate in the decision or the grant itself.

As stated above, Howard could not jointly make a disposition in his own favor. Nor could he require the trustees to make such dispositions as was the case in *Ewing v. Rountree*, 346 F.2d 471 (6th Cir.1965), cited by the defendant. In that case the trustee was "directed" to sell stock at the decedent widow's request. *Id* at 472. Likewise, the case of *Peoples Trust Company of Bergen County v. United States*, 412 F.2d 1156 (3d Cir.1969), is clearly inap-

plicable as the will creating the trust stated of the uses and purposes of the trust:

> "C. To pay to my wife ·... during her lifetime *such amounts out of the principal as my said wife may require; she to be the sole judge as to the amounts and frequency of such principal.*"

*Id.* at 1158 n. 3, emphasis in original.

In the case *Estate of Janice McNear Towle*, 54 T.C. 368 (1970),[7] cited and attached by the defendant, the will creating the trust provided that the decedent/beneficiary:

> "[M]ay draw down in one lump sum all of the principal sum retained ... under such contracts provided The First National Bank of Chicago *consents* and *participates* in such withdrawal...."

*Id.* at 369, emphasis added. The court found that this power to withdraw was not modified by any other language contained in the will, *id.* at 373, and declared that the decedent had a general power of appointment over the contract proceeds. In *Towle* the terms of the will were unmistakeable; the decedent, it stated, "may withdraw" the entire principal, making her a "co-holder" of the power; *see id.* at 371. The trustee was relegated to the status co-participant; its consent to the withdrawal subject to no control or direction, *id.* at 372.

In the instant case the terms of the will provided, and the government has admitted, that the decedent could not participate in any way in dispositions in his favor. Having no power to appoint in his own favor, the ascertainable standard exception of 26 U.S.C. § 2041(b)(1)(A) is never brought into play. Nor did the decedent have a power, to dispose of trust property in his own favor, excercisable only in conjunction with another person in order to trigger the adverse interest analysis under 26 U.S.C. § 2041(b)(1)(C)(ii).

---

dent trustees are imputed to him." (Govt. memo. at 15, 16.)

**4.** I.R.C.Reg. § 20.2041–3(d)(1).

**5.** These cases are cited in Govt.Memo. at 10.

**6.** No suggestion was made that the other trustees dealt with the decedent at less than arm's length.

**7.** The decedent was not a co-trustee in this case.

■ Under the terms of the instrument in this case, and under the existing law on the issues presented, the court is of the opinion that the position of the government in this proceeding; that a general power of appointment should have been imputed to the plaintiff/decedent, was unreasonable; and that the plaintiff as the prevailing party [8] is entitled to reasonable litigation costs incurred in this proceeding under 26 U.S.C. § 7430. Another fact considered by the court in reaching the determination that the government's position in this proceeding was unreasonable, is that the Internal Revenue Service had recommended an administrative refund of the full tax and interest sued for. While such a recommendation is not binding on the Department of Justice, and the refusal, alone, to follow the recommendation would not control the issue of the reasonableness of the government's position in this case, it is a factor to be considered. *See Tyler Business Services Inc. v. N.L.R.B.*, 695 F.2d 73, 76 (4th Cir.1982), on 28 U.S.C. § 2412. The court, even after examining the authorities cited by the government, just cannot find that its position is even arguably supportable, and concludes that that position was unreasonable.

■ The court is persuaded that the term reasonable litigation costs under 26 U.S.C. § 7430 includes in this case costs and fees incurred at the administrative level including costs incurred in attempting to negotiate the claimed refund; and in the preparation of the protest letter and claim for refund. The defendant contends that the language "the position of the United States in the civil proceeding was unreasonable," 26 U.S.C. § 7430(c)(2)(A), as applied to this case means the position adopted in the action before this court, and would necessarily preclude the award of any fees incurred at the administrative level. This argument is unpersuasive.

In *Tyler Business Systems v. N.L.R.B.*, *supra*, the court considered similar language in 28 U.S.C. § 2412(d)(1)(A), the predecessor to the statute at issue here. The court stated that the language "should be read to mean the government's position as a party in prosecuting or defending the litigation at whatever level is under review for the award of attorney's fees." *Id.* at 75. After adverting to the legislative history of the statute the court stated that:

> For example the government's preliminary decision to institute an administrative proceeding may not justify an award of attorney's fees. This circumstance, however, would not preclude an award, if at subsequent stages of the administrative process or upon judicial review it appears that the government's position at these levels was not substantially justified." *Id.* at 75, 76.

While the court denied an award of costs and fees for the administrative proceedings, its refusal was based on other grounds. *Id.* at 76, 77.

The decision in *Tyler, supra,* was based, in part, on the fact that "the act clearly distinguishes between proceedings at the agency level and proceedings on judicial review...." No such distinction is present in 26 U.S.C. § 7430.

■ That section does not contain a provision similar to 28 U.S.C. § 2412(d)(3).[9] However, neither the legislative history nor precedent indicates that § 7430 was intended to do more than supplant the Equal Access to Justice Act as regards tax matters. Indeed, the dearth of legislative history is another indication of that fact. The

---

8. The government concedes that the plaintiff has substantially prevailed with respect to the estate tax issue. (Govt.Opp. at 4.)

9. 28 U.S.C. § 2412(d)(3) provides:
"(3) In awarding fees and other expenses under this subsection to a prevailing party in any action for judicial review of an adversary adjudication, as defined in subsection (b)(1)(C) of section 504 of title 5, United States Code, or an adversary adjudication subject to the Contract Disputes Act of 1978, the court shall include in that award fees and other expenses to the same extent authorized in subsection (a) of such section, unless the court finds that during such adversary adjudication the position of the United States was substantially justified, or that special circumstances make an award unjust."

House Report on the Equal Access to Justice Act states that § 2412(d) awards are "analogous to the awards authorized in adversary adjudications under § 3 [5 U.S.C. § 504(a)] of this bill," H.R.Rep. No. 96–1418, 96th Cong., 2d Sess. 17, reprinted in 1980 U.S.Code Cong. & Ad.News 4953, 4997. Of § 504 the report states:

> In part, the decision to award fees only in adversary adjudications reflects a desire to narrow the scope of the bill in order to make its costs acceptable. It also reflects a desire to limit the award of fees to situations where participants have a concrete interest at stake but nevertheless may be deterred from asserting or defending that interest because of the time and expense involved in pursuing administrative remedies. In these situations, in order to insure that individuals will actively seek to protect their rights vis-a-vis the government, they must have the opportunity to recover the costs of litigating. An administrative remedy in these circumstances cannot be truly effective unless a prevailing party is made whole. *Id.* at 4993.

As stated earlier there is no indication that Congress intended to change the existing standards for awards by enacting 26 U.S.C. § 7430. In light of the legislative history quoted above, the requirement that administrative remedies be exhausted contained in 26 U.S.C. § 7430(b) militates against such an interpretation. Because 28 U.S.C. § 2412(e) states that § 2412 does not apply to proceedings to which § 7430 applies, a restrictive interpretation of § 7430 would produce the harsh result that a litigant could be subjected to meritless opposition at the administrative level without having a remedy for that expense once a proceeding was commenced in a court of the United States. No authority is cited to support such a result. In addition, 26 U.S.C. § 7430(C)(3) states that "The term civil proceeding includes a civil action." Such a definition implies, and rather strongly so, that the term civil proceeding encompasses more than civil actions alone. Further the fact that plaintiff may have been entitled to fees and costs under 5 U.S.C. § 504 is not at issue, nor has it been considered here.

■ It is the decision of the court that 26 U.S.C. § 7430(a) allows for the recovery of attorney's fees and costs at both the administrative and judicial level where the prevailing party instigated a civil proceeding on the administrative level that was resisted by the government, which maintained an unreasonable position; and where suit was brought and the government again unreasonably asserted the same position held at the administrative level.

The government has not suggested that the attorney's fees and costs are unreasonable in amount or inflated. They will, therefore, be allowed in full.

### ORDER

For the reasons set forth in the Memorandum Opinion this day filed, it is hereby

ORDERED that the plaintiff is awarded reasonable litigation costs, as defined in 26 U.S.C. § 7430(c)(1), in the amount of $4,416.24.

### ORDER

The court being of the opinion, in light of the legislative history furnished to it by the United States, that its award of fees and costs for services other than those incurred in this court was in error, and the parties having agreed that the attorney's fees and costs incurred in this court amount to a total of $1,884.74, it is hereby

ORDERED that the Memorandum Opinion and Order of March 30, 1984 are vacated, and the plaintiff is awarded reasonable litigation costs as defined in 26 U.S.C. § 7430(c)(1) in the amount of $1,884.75.