**Luz PENNER, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

No. 83–8583–Civ–JCP.

United States District Court, S.D. Florida.

June 12, 1984.

Edward R. Shohat, Bierman, Sonnett, Beiley, Shohat & Sale, P.A., Edward P.

Guttenmacher, Richman & Guttenmacher, P.A., Miami, Fla., for plaintiff.

Randall M. Roden, Tax Div., U.S. Dept. of Justice, Washington, D.C., Stanley Marcus, U.S. Atty., Miami, Fla., for Government.

## ORDER

PAINE, District Judge.

This cause came to be heard pursuant to this Court's order dated January 25, 1984, 582 F.Supp. 432 (Docket Entry 8). In that order, this Court stated that this Court believed that Plaintiff had met the requirements of 26 U.S.C. § 7430, which gives this Court discretion to award Plaintiff a judgment for reasonable litigation costs. In light of that finding, this Court directed Plaintiff to file an application for fees and costs. On February 21, 1984, Plaintiff filed a motion (Docket Entry 13) for an award of attorneys' fees and costs, supported by affidavits setting out the nature of those expenses. In that motion, Plaintiff states that Plaintiff incurred a total of twenty-six thousand, five hundred twenty-seven dollars and fifty-two cents ($26,527.52) in attorneys' fees, witness fees, and costs. Under 26 U.S.C. § 7430(b)(1), the amount of costs which may be awarded cannot exceed twenty-five thousand dollars ($25,000.00). On March 5, 1984, the Government filed a notice (Docket Entry 15) and a memorandum of law (Docket Entry 14) in opposition to Plaintiff's motion. In opposition, the Government raises two arguments.

■ The Government's first objection is that Plaintiff has actually failed to meet the qualifications of Section 7430. Subsection 7430(c) provides that "the prevailing party may be awarded a judgment for reasonable litigation costs." Subparagraph 7430(c)(2)(A) states that

The term "prevailing party" means any party ... which establishes that the position of the United States in the civil proceeding was unreasonable....

The Government argues that it is the position of the United States in (defending) the civil suit brought by Plaintiff which must be shown to be unreasonable. The Government contends that its position in *defending* the civil suit is—in this analysis—to be evaluated independently of the Government's position in *initiating* the jeopardy assessment which gave rise to the civil suit. In support of this contention, the Government relies on *Eidson v. United States*, 84–1 U.S. Tax Cas. (CCH) ¶ 9182 (N.D.Ala., January 19, 1984), which held that such a construction was required.

With all due respect for the Court in *Eidson*, this Court is not persuaded to accept that narrow reading. First, this Court has identified no rational basis for making a distinction between the Government's position in initiating the jeopardy assessment and the Government's position in defending that assessment. It is, after all, only one Government. If the Government's position in initiating the jeopardy assessment was found to be unreasonable (as it was in the instant action), it is hard to fathom how the Government's position (in defending an unreasonable action) would be reasonable. Similarly, if the Government's position in initiating the jeopardy assessment was found to be reasonable, the Government's position in defending that reasonable action could rarely itself be unreasonable.

Second, this Court believes that, if the Congress had intended to limit the analysis to the reasonableness of the Government's position in electing to defend the assessment, the Congress could have more clearly stated this limitation. For example, Subparagraph 7430(c)(2)(A) could have been written to read "the position of the United States in presenting a defense in the civil proceeding." The legislative history of Section 7430 gives little guidance. Section 7430 was added by Section 292 of the Tax Equity and Fiscal Responsibility Act of 1982, Pub.L. No. 97–248, 96 Stat. 572. The House Conference Report accompanying the bill which was enacted as that Act states that

A taxpayer who prevails in civil tax litigation in the Federal courts, including the U.S. Tax Court, may be awarded reasonable attorney fees and other litigation costs. The taxpayer may recover litigation costs only if the position of the United States in the case was unreasonable.

H.R.Conf.Rep. No. 97–760, 97th Cong., 2d Sess., at 686, reprinted at 1982 U.S.Code Cong. & Ad.News 781, 1449. Again, it is not clear to this Court whether the word "case" in the House Conference Report is meant to refer (as the Government argues) to only the civil tax litigation, or (as Plaintiff contends) to the entire tax matter.

This Court's interpretation of Subparagraph 7430(c)(2)(A) is not, however, crucial to this Court's determination in the instant action. Even if this Court were to accept the Government's argument, and follow the holding in *Eidson*, and look only at the reasonableness of the Government's position in defending the instant action, this Court would still find the Government to have acted unreasonably. The Government, in its response to Plaintiff's motion for costs, states that the Government proceeded in this action because it did not obtain from Plaintiff the information which would explain Plaintiff's large bank accounts. The Government does not allege, however, that it ever directly asked Plaintiff for this information. Plaintiff presented this information at the hearing before this Court. There is no reason to believe that Plaintiff would not have given this information to the Government earlier, if requested. Indeed, Plaintiff attempted to do just that, through the administrative review process available to her. In the instant action, the Government, through the Department of Justice, defended actions taken by the Internal Revenue Service which were unreasonable. This Court suspects that, upon close scrutiny, the Justice Department could have determined the unreasonableness of the actions of the Internal Revenue Service before filing an answer in this civil proceeding. The defense of the unreasonable actions of the Internal Revenue Service was itself unreasonable. Thus, this Court reaffirms its statement in its order dated January 25, 1984, that Plaintiff has met the qualifications of Section 7430.

■ The Government's second objection is to the amount of costs sought by Plaintiff, as excessive. As noted above, Plaintiff has computed her total costs incurred in this action to be $26,527.52, and Section 7430 provides that the amount awarded may not exceed $25,000.00. This Court has reviewed the affidavits submitted by Plaintiff detailing these expenses, and this Court has considered the arguments of Plaintiff and the Government regarding the reasonableness of these amounts. This Court believes that it is appropriate to award Plaintiff a judgment against the Government, for litigation costs incurred by Plaintiff, in the amount of twenty thousand, one hundred twelve dollars and fifty-two cents ($20,112.52). This Court has arrived at that figure by applying an hourly rate of ninety dollars ($90.00) to the time expended by Plaintiff's attorneys Edward R. Shohat, Neal E. Farr, and Edward P. Guttenmacher, and otherwise using the figures and rates stated in Plaintiff's motion.

Accordingly, it is ORDERED and ADJUDGED that Plaintiff's motion (Docket Entry 13) for attorneys' fees and costs is granted. The Clerk of this Court is directed to enter judgment for Plaintiff, LUZ PENNER, and against Defendant, UNITED STATES OF AMERICA, in the amount of twenty thousand, one hundred twelve dollars and fifty-two cents ($20,112.52). The Clerk of this Court is further directed to close the file for this cause, after the entry of such judgment.