David KAUFMAN, et al.,
Plaintiffs, Appellees,

v.

Roscoe EGGER, Commissioner of
Internal Revenue, et al.,
Defendants, Appellants.

No. 84–1641.

United States Court of Appeals,
First Circuit.

Heard Jan. 10, 1985.

Decided March 19, 1985.

Gilbert S. Rothenberg, Tax Div., Dept. of Justice, Washington, D.C., with whom Michael L. Paup, Elaine F. Ferris, Tax Div., Dept. of Justice, and Glenn L. Archer, Jr., Asst. Atty. Gen., Washington, D.C., were on brief for defendants, appellants.

John M.R. Paterson, Portland, Maine, with whom Jerome F. Goldberg and Bernstein, Shur, Sawyer & Nelson, Portland, Maine, were on brief for plaintiffs, appellees.

Before BREYER, ALDRICH and TORRUELLA, Circuit Judges.

TORRUELLA, Circuit Judge.

The present case zeros in on one of many unnecessary tribulations that can be brought to bear upon the unsuspecting citizenry by todays' computerized bureaucracy. It also requires our interpreting one

Congressional attempt to grant the public some relief from such bungling.

The sole issue before us is whether the district court erred in awarding appellees— taxpayers attorneys' fees and costs against the Internal Revenue Service (IRS) pursuant to Section 7430 of the Internal Revenue Code 26 U.S.C. § 7430. The IRS challenges that decision on two grounds, both of which require interpretation of Section 7430. For reasons stated herein we affirm the decision of the district court.

The relevant facts are not in dispute. In February, 1979 appellees David and Barbara Kaufman (the Kaufmans) filed their individual income tax return for 1978 with the Chicago district of the IRS. Shortly thereafter in 1979, the Kaufmans moved from their Chicago, Illinois residence to Norridgewock, Maine. Two years later, the Chicago district of the IRS sent a notice to the Kaufmans that their 1978 tax return was to be audited. The Kaufmans never received this notice because it was sent to their former Chicago residence [1] and, therefore, they did not appear at the appointed time for the audit. The result was an assessment of increased tax liability of $14,380.

In October, 1980, the IRS mailed a notice of adjustment of their tax liability, which was sent to the Kaufmans at a Stockton, Illinois address where they had never lived.[2] Also sent to this address was the statutory notice of deficiency required by 26 U.S.C. § 6212.

By 1983, however, the IRS had connected the 1978 deficiency matter with the correct taxpayers. It then sent the Kaufmans, at their Maine address, a notice informing them that the IRS was *seizing* a $606 refund from their 1982 return as partial payment for the earlier deficiency. This notice

was the first that the Kaufmans had received concerning this matter.

Eleven days after receiving this notice, the Kaufmans received yet another notice from the IRS concerning their 1978 return. This notice requested the payment of $23,- 857 and offered a telephone number that they could call if they wanted to work out a payment schedule. The Kaufmans immediately contacted their accountant who in turn was *advised by the IRS* that the matter had been referred to the Taxpayers Delinquent Account Section. Fearing that the IRS would take additional unannounced collection measures to recoup the allegedly owed taxes, the Kaufmans instituted this action seeking injunctive relief and the return of their $606. A little less than two months later, the IRS stipulated to the entry of a permanent injunction enjoining it from taking any steps to collect any taxes based on the foregoing Notice of Deficiency. The district court then granted the Kaufmans' motion for attorney and expert fees, over the objection of the government. This appeal followed the granting of said relief.

Section 7430 contains several prerequisites for an award of attorney and litigation fees to citizens engaged in litigation with the IRS. The ones at issue here are first, that the court find that the taxpayer "exhausted administrative remedies available to such party within the Internal Revenue Service," 26 U.S.C. § 7430(b)(2), and, second, that the court find that the position of the IRS in the "civil proceeding" was unreasonable, 26 U.S.C. § 7430(c)(2)(A). The IRS first contends that the taxpayers failed to pursue administrative avenues within that agency, and thus they are ineligible for relief under Section 7430.

## I

■ According to the IRS, the letter that the Kaufmans received from the agency

---

1. At that time, however, the IRS Chicago office had in the file of the Kaufmans an IRS "Transcript of Account" dated July, 1980 showing their correct address in Norridgewock, Maine.

2. This was the address of another couple, also named David and Barbara Kaufman. Eleven days later, the IRS acknowledged their error in

a handwritten memo placed in the Kaufman's file stating that "Stat. Notice sent to wrong address." During the same period the IRS was also corresponding with the Kaufmans at their then correct address in Norridgewock, Maine, about other unrelated tax matters.

included an address and telephone number; therefore, the Kaufmans could have, in its view, contacted the agency to consider their claims informally. The IRS also notes that notwithstanding that the Kaufmans' deficiency had been referred to the collection arm of the Service, it could have easily halted the collection process. Moreover, according to the IRS, even if there were no formally prescribed procedures, the Kaufmans nevertheless should have made some effort at the agency level to correct the 1978 deficiency if the exhaustion requirement is to retain any validity under the statute. Considering the IRS's past record with the Kaufmans, and the answer given to their accountant to the effect that the matter was already in the hands of the taxpayer Delinquency Account Section, to whom are available draconian collection procedures,[3] the position of the IRS in this regard is inherently unreasonable and the Kaufmans can hardly be faulted for seeking immediate judicial relief.

Section 7430 does not define the term "administrative remedies." Neither does its legislative history. The latter states that taxpayers "are required to exhaust available administrative remedies unless the court determines that under the circumstances of the case such requirement is not necessary." H.R.Rep. 97–404, 97th Cong., 2d Sess. 13 (1982); Senate Comm. on Finance, Technical Explanation of Committee Amendment, *reprinted in* 127 Cong. § 15559 (Dec. 16, 1981). A regulation adopted by the Secretary of the Treasury[4] sets forth the circumstances in which the IRS will consider administrative remedies to have been exhausted within the meaning of Section 7430. These are cases in which "[t]he party did not receive a preliminary notice of proposed disallowance and the failure to receive such notice was not due to action of the party (such as the failure to supply requested information or a current mailing address to the district director or service center having jurisdiction over the tax matter)." 26 C.F.R. § 301.7430-1-f(3)(ii).

These are precisely the circumstances found by the district court to be present in the instant case. As noted above, the preliminary notice of deficiency had been sent to an address where the taxpayers no longer lived. Second, the statutory notice of deficiency had been sent to an address where the Kaufmans *never* lived. Finally, these mixups were not caused by the Kaufmans, but rather by reason of the unexplained errors of the IRS. This court cannot say that the district court erred in holding that these factors brought the Kaufmans' case within the exception to the exhaustion requirement. H.R.Rep. 97–404, *supra* at 13; Sen. Finance Comm. Report, *supra* at § 15594.

## II

As noted above, Section 7430(c)(2)(A) provides for reimbursement of reasonable attorney's fees in cases where "the position of the United States in the *civil proceeding* was unreasonable" (emphasis added). The district court analyzed the reasonableness of the Government's position, including its prelitigation conduct, which the court determined had been unreasonable. The IRS argues that this construction of the statute is in error. It contends that Section 7430 refers only to the Government's in-court litigation position.

---

3. *See* 26 U.S.C. §§ 6331–6344 (seizure of property for collection of taxes); 26 U.S.C. § 7403 (action to enforce lien or to subject property to payment of tax).

4. This regulation was issued in final form on April 17, 1984. Although it became effective after the Kaufmans filed this suit, the regulation says that it applies to civil actions commenced after February 28, 1983, which is *before* the Kaufmans filed. 26 C.F.R. § 301.7430-1-f(4)(i).

The district court's Memorandum of Decision and Order was issued on May 8, 1984; it expressly refers to the regulation in question as follows: "As of this writing [it has] not been adopted as law and thus [has] no binding legal effect." 584 F.Supp. 872 at 876.

As will be seen, *post* at 3, this regulation merely confirms the district court's judgment on the issue at hand.

**4**

The courts are divided on this issue. The parties cite various cases in which the question has been addressed directly.[5] Several courts have concluded that the term "civil proceeding" includes only the litigation-related proceedings *after* a suit is initiated, *i.e.*, in-court proceedings.[6] In other actions, including the present case, the courts have held that prelitigation conduct can be considered as well in setting attorney's fees.[7] We hold with the later because it is in keeping with Congress' remedial bias in enacting this statute.

The legislative history of Section 7430 supports the proposition that Congress intended the IRS's liability to be triggered by unreasonable IRS conduct regardless of which stage in the proceedings such conduct occurs: "The committee believes that taxpayers who prevail in civil tax actions should be entitled to awards ... when the United States has acted unreasonably *in pursuing the case.*" Staff of Senate Committee on Finance, Technical Explanation of Committee Amend., 127 Cong.Rec. § 15587, 15594 (Dec. 16, 1981) (emphasis added). Congress intended that the awarding of fees under 26 U.S.C. § 7430 "will deter abusive actions and overreaching by the Internal Revenue Service and will enable individual taxpayers to vindicate their rights regardless of their economic circumstances." H.R.Rep. 97–404, *supra*, at 11, Sen. Finance Comm.Rep., *supra*, at § 15594.

■ The quoted language, which is not limiting in nature, appears to suggest that Congress did not intend to dissuade taxpayers who, prior to filing a suit, were faced with unreasonable conduct by the IRS. There is no question but that in this case

the IRS's bureaucratic mixup was unreasonable by any standard. On the basis and as, indeed, the court found, the institution of this action was a proximate, if not inevitable, consequence. There is nothing in the statute fragmenting the obligation to pay properly incurred attorney's fees. It would seem to frustrate the purpose of Section 7430 if we were to interpret it in such a way that the IRS, after causing a taxpayer all kinds of bureaucratic grief at the administrative level, could escape attorney's fee liability by merely changing its tune after the initiation of a suit by the taxpayer. This we do not believe is the result envisioned by Congress in granting taxpayers some measure of relief from such situations.

*Affirmed.*

5.  *Sharpe v. United States*, 607 F.Supp. 4, 84–1 U.S.T.C. para. 13,574 (E.D.Va.1984); *Kaufman v. Egger*, 584 F.Supp. 872 (D.Me.1984); *Hallam v. Murphy*, 586 F.Supp. 1, 84–1 U.S.T.C. para. 9230 (N.D.Ga.1983); *Eidson v. United States*, 84–1 U.S.T.C. para. 9182 (N.D.Ala.1984); *Brazil v. United States*, 84–2 U.S.T.C. para. 9596 (D.Or.1984); *Zielinsk v. United States*, 84–1 U.S.T.C. para. 9514 (D.Minn.1984).

6.  *Eidson v. United States, supra; Brazil v. United States, supra; Zielinski v. United States, supra;*

see also *Baker v. C.I.R.*, 83 T.C. No. 45 (Nov. 28, 1984) ("civil proceeding" does not include prelitigation activities); *Popham v. C.I.R.*, T.C. Memo 1984–652 (Dec. 18, 1984) (same).

7.  *Sharpe v. United States, supra; Kaufman v. Egger, supra; Hallam v. Murphy, supra; Penner v. United States*, 584 F.Supp. 1582 (S.D.Fla.1984) ("civil proceeding" does include prelitigation activities).