**Jacob I. ROSENBAUM and Marjorie Rosenbaum, Plaintiffs,**

v.

**INTERNAL REVENUE SERVICE, Defendant.**

No. C84–3830.

United States District Court, N.D. Ohio, E.D.

May 22, 1985.

Westley R. Parsons, Cleveland, Ohio, for plaintiff.

John Siegel, Asst. U.S. Atty., Cleveland, Ohio, Robin L. Greenhouse, Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendants.

ORDER

BELL, District Judge.

Plaintiffs seek an award of attorney fees in this matter pursuant to 26 U.S.C. § 7430. The substantive issues in this case were mooted by the actions of defendant, Internal Revenue Service (the Service), in releasing a tax levy which was placed on plaintiffs' bank account. Plaintiffs filed this action to dissolve that levy in that they had already paid the tax deficiency Internal Revenue sought to collect and had so informed the Service. Plaintiffs offered to send a copy of the cancelled check to resolve the misunderstanding. Nonetheless, the Service levied on plaintiffs' account as it could find no proof of payment in its own records. Plaintiffs then filed this action to dissolve the levy. Upon receipt of the complaint and investigation of the matter, the Service determined that plaintiffs' check had in fact been received. The levy was thus promptly dissolved.

Upon submission of the Service's motion to dismiss, this court determined that because the remedy plaintiffs were seeking had been accomplished, the case was moot and properly subject to dismissal. The matter of attorney fees, however, was reserved as a post judgment matter. The parties have been given an opportunity to argue their positions to the court. The following findings are now entered.

The Service raises two major reasons why attorney fees cannot be entered. First, it is argued that as there was no jurisdiction under the underlying action, attorney fees cannot be awarded. Second, it

is argued that even if the court considers the award of attorney fees under 26 U.S.C. § 7430, the requirements cannot be met.

The jurisdictional argument raised by the Service would perhaps be applicable to the end result had this case proceeded further. However, this court at all times maintained jurisdiction over this suit until the issue of jurisdiction could be decided or until it was dismissed. Here all proceedings were deemed moot and no such determination of subject matter jurisdiction was made.

The second issue raised by this request for attorney fees involves the language of § 7430 and the congressional intent as to its application. This provision is part of the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA) which became effective on February 28, 1983.

To recover attorney fees under this provision, plaintiffs must establish that they were prevailing parties. Pursuant to the definition of that term, two showings must be made: first, that the position of the United States in the civil proceeding was unreasonable; and second, that plaintiffs substantially prevailed with respect to the most significant issue. 26 U.S.C. § 7430(c)(2)(A). It is undisputed in this case that plaintiffs had already paid the deficiency when the levy was imposed and that the levy should not have been imposed. They, therefore, prevailed on the most significant issue.

The second factor to be considered is whether the position taken by the Service was reasonable. The district courts are fairly explicit as to whether the reasonableness of the Government's position under 26 U.S.C. § 7430 should be considered on the basis of its pre-litigation posture, *Sharpe v. United States*, 607 F.Supp. 4, 84–1 USTC ¶ 13,574 (E.D.Va.1984); *Kaufman · v. Egger*, 584 F.Supp. 872 (D.Me.1984), aff'd, 758 F.2d 1, 85–1 USTC ¶ 87,629 (1st Cir.1985); *Hallam v. Murphy*, 586 F.Supp. 1, 84–1 USTC ¶ 9230 (N.D.Ga.1983); *Penner v. United States*, 584 F.Supp. 1582 (S.D.Fla. 1984), or its posture after litigation has been commenced. *Eidson v. United States*, 84–1 USTC ¶ 9182 (N.D.Ala.1984);

*Zielinski v. United States*, 84–1 USTC ¶ 9514 (D.Minn.1984); *Brazil v. United States*, 84–2 USTC ¶ 9596 (D.Or.1984). The only circuit court to address the issue was the First Circuit in affirming the district court in *Kaufman v. Egger*, 758 F.2d 1, 85–1 USTC at ¶ 87–629.

In the instant case, the position taken by the Service after litigation was begun has at all times been reasonable. Its position prior to litigation was undeniably unreasonable, however. The conduct of the Service in failing to properly record plaintiff's payment of the deficiency may be considered a reasonable mistake. Once plaintiffs contacted the Service, however, and advised it that they had paid and their check had been processed, it was undeniably unreasonable for the Service to impose the levy without investigating thoroughly. Such an investigation pursued after this case was filed easily revealed that plaintiffs had in fact paid the deficiency.

■ In this court's view, the better interpretation of § 7430 in this regard is that the prelitigation conduct of the Service may be considered. *See Kaufman v. Egger*, 758 F.2d 1, 85–1 USTC at ¶ 9278. It would otherwise be too easy in every case for the Service to become "reasonable" after a case is filed when its conduct had caused untold hardships at the administrative level. As the plaintiffs have shown that the conduct of the Service was unreasonable prior to their filing of this case, they may properly be considered prevailing parties under § 7430.

■ Before awarding litigation costs under section 7430, however, plaintiffs must also show that they have exhausted administrative remedies. 26 U.S.C. § 7430(b)(2). Treasury Regulation § 301.7430–1(d) sets out what is required before suit is filed:

(d) *Actions involving summonses, levies, liens, jeopardy and termination assessments, etc.* (1) A party has not exhausted its administrative remedies available within the Internal Revenue Service with respect to a matter other than one to which paragraph (b) or (c) applies (in-

cluding summonses, levies, liens and jeopardy and termination assessments) unless, prior to filing an action in a court of the United States—

(i) The party submits to the district director of the district having jurisdiction over the dispute a written claim for relief reciting facts and circumstances sufficient to show the nature of the relief requested and that the party is entitled to such relief; and

(ii) The district director has denied the claim for relief in writing or failed to act on the claim within a reasonable period after such claim is receivd by the district director.

Plaintiffs admit that no written claim was submitted to the district director. They argue that this provision may be waived by the Service and was waived in this case when they were told that there was nothing they could submit to avoid the levy. That is not convincing, however. In fact, submission of a written claim with a copy of the cancelled check in this case may well have prevented the levy. It is not reasonable to infer that a Service agent could unilaterally waive this requirement in a telephone conversation. Consequently, as plaintiffs failed to submit a written claim as outlined in the treasury regulation, they failed to exhaust their administrative remedies prior to filing this case and are thus ineligible for an award of litigation costs pursuant to § 7430.

Notwithstanding the rulings of this court as they relate to the legal issues raised, the court is fully sympathetic with the frustrations experienced by plaintiffs in regard to the emplacement of the tax levy under discussion. The position taken by the Service's representative—if not his arrogance—created a needless situation resulting in real and measurable anguish to these plaintiffs. The problem created as a result of the Services' robotic reaction to plaintiffs' inquiries could have been resolved with very little effort on the part of defendant's representative.

In view of the precedent of the law as this court views it, however, judgment must be rendered in favor of defendant on the issue presented. Because plaintiffs do not meet the requirements set forth in section 7430, their motion for attorneys' fees must be denied.

IT IS SO ORDERED.