Richard B. HARDING and Virginia
Harding, Plaintiffs,

v.

Robert A. MANNERS and United States
of America, Defendants.

Civ. A. No. C84–2497A.

United States District Court,
N.D. Georgia,
Atlanta Division.

March 25, 1986.

278

John F. Hines, Atlanta, Ga., for plaintiffs.

Roy Atchison, Asst. U.S. Atty., Atlanta, Ga., Elizabeth Sullivan, Trial Atty., U.S. Dept. of Justice, Tax Div., Washington, D.C., for defendants.

## ORDER

FORRESTER, District Judge.

This action is before the court on plaintiffs' motion for an award of attorney's fees pursuant to 26 U.S.C. § 7430. This lawsuit began when the plaintiffs, notwithstanding the fact that they had appealed administratively the assessment of a tax deficiency against them, were threatened on numerous occasions with enforced collection activity. The undisputed facts of the case establish that pursuant to 26 U.S.C. §§ 7421, 6212, and 6213, such activity was statutorily prohibited while the plaintiffs appealed. The facts show that the first such attempt was made by defendant Manners on August 14, 1984. Thereafter, on August 16, 1984, plaintiffs' counsel wrote Agent Manners and explained to him that the plaintiffs were appealing this tax deficiency such that enforced collection activity should cease immediately. Despite this, on November 23, 1984, the Internal Revenue Service sent a notice to the plaintiffs making a subsequent demand for payment of the alleged deficiency. Plaintiffs filed this lawsuit seeking an injunction against such activity on December 11, 1984. After the suit was filed, on December 21, 1984, the plaintiffs received yet another notice and demand for payment which stated that this was the final notice and the United States planned to levy on the plaintiffs' assets unless the tax liability was satisfied within ten days. In its answer to this lawsuit, filed February 19, 1985, the United States stated that a computer freeze code had been placed against the plaintiffs' account to make sure that no further collection activity was pursued.

On February 15, 1985, according to the affidavit of Ms. Knorr of the Internal Revenue Service, the assessment was permanently abated. Therefore, on motion of the United States, this court dismissed plaintiffs' requests for injunctive relief on October 11, 1985 as moot. The court noted in that order, however, that mootness of the request for an injunction did not automatically moot plaintiffs' request for attorney's fees.

Following that order, plaintiffs moved for an award of attorney's fees for all fees incurred both administratively and after the filing of this lawsuit. In support of the motion, the plaintiffs show that they are a prevailing party as that term is described at 26 U.S.C. § 7430(c)(2), and argue that the position of the United States both before and after the lawsuit was filed has been unreasonable, within the meaning of 26 U.S.C. § 7430(c)(2)–(A)(i).

The United States has opposed this motion, conceding that plaintiffs are a prevailing party but arguing that the position of the United States in the litigation was reasonable. The United States argues that the court should not consider the entire history of the plaintiffs' dealings with the Internal Revenue Service over this matter in determining reasonability, but only the position taken by the United States before this court. Furthermore, the United States argues, plaintiffs are only entitled to recover for fees incurred in the civil litigation and not during the administrative efforts to stop the enforced collection activity. Finally, the United States argues that plaintiffs' requested fees are excessive.

The court has concluded that based upon Judge Tidwell's excellent analysis of this issue in *Hallam vs. Murphy*, 586 F.Supp. 1 (N.D.Ga.1983), the court is to judge the "reasonableness" of the position of the United States based upon the entire history of the plaintiffs' dispute with the Internal Revenue Service. Paraphrasing Judge Tidwell's holding in *Hallam:*

> The court agrees with the plaintiffs that the proper time frame to view the de-

fendants' conduct is throughout this entire tax proceeding, not just the time frame after the plaintiffs filed their lawsuit. The defendants continued to insist that the plaintiffs owed a certain amount of [deficiency assessments], even though the defendants were [actually] aware that the plaintiffs [were pursuing their administrative appeal and no collection activity was permitted]. The continued assertion of a position with knowledge that the position is based upon an erroneous assumption is *per se* unreasonable. Therefore, the court finds that the position of the defendant in this matter was unreasonable, and that the plaintiffs were forced to file the above-styled lawsuit in order to require that the defendants abate the [deficiency] proceedings. 586 F.Supp. at 3. In the present case the plaintiffs were the victims of an unstoppable computer which apparently was beyond the institutional capacity of the Internal Revenue Service to control. Despite actual notice to an agent of the Internal Revenue Service, plaintiffs continued to receive deficiency notices. Even after this lawsuit was filed, plaintiffs received a notice which threatened levy against their assets unless this money was paid, despite the fact that it is undisputed that the money was not due during the appeal, and the Internal Revenue Service was aware of this. The court concludes that the position of the United States once they had actual notice from the taxpayer's attorney, accompanied by supporting documentation, that this alleged deficiency had been appealed, was unreasonable. In particular, the court finds the sending of a final notice following commencement of this litigation to be a further example of the unreasonableness of the position of the United States. Therefore, the court concludes that the plaintiffs are entitled to recover their reasonable attorney's fees.

■ The question then becomes what fees are recoverable. The United States has argued, and correctly, that under the statute the amount of attorney's fees recoverable is limited to the amount incurred in pursuing the civil proceeding. 26 U.S.C. § 7430(c)(1)(A)(iv) states that fees which are payable are those "paid or incurred for the services of attorneys *in connection with a civil proceeding.*" As the United States points out in its response, the joint committee on taxation report in the legislative history to this provision provides that:

> Congress intended that the costs of preparing and filing the petition or complaint which commences a civil tax action be the first of any recoverable attorney's fees. Fees paid or incurred for the services of an attorney during the administrative stages of the case could not be recovered under an award of litigation costs.

General Explanation of the Revenue Provisions of the Tax Equity and Fiscal Responsibility Act of 1982, H.R. 4961, 97th Cong. 1st Sess. pp. 444–448 (1982). The affidavit of plaintiffs' counsel includes 1.3 hours which were spent prior to commencement of this lawsuit, or preparation of the complaint. That amount of time is disallowed. What remains, then, is a claim for 31 hours spent before this court. Those hours must be reviewed under the standards set out in *Johnson vs. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir.1974).

■ The court has reviewed the affidavit of plaintiffs' counsel, and concludes that the number of hours spent on each element of the case is reasonable, with the exception of the time spent responding to the United States' motion to dismiss for mootness. It appears that plaintiffs' counsel spent 13.7 hours preparing the response to the motion to dismiss, but the court, on reviewing the brief which was filed, concludes that that was an unreasonable amount of time to have spent to prepare and file that brief. The only law cited therein was Judge Tidwell's decision in *Hallam, supra,* and essentially the only argument made therein is that the case was not moot because there was "no guarantee" that collection activity would not continue in the future. As the court noted in its previous order in this case, that position is without merit under recent Supreme Court precedent. The court concludes that four

hours is a reasonable amount of time to spend researching and writing the brief which was filed. While the court acknowledges that perhaps more research was done than was reflected in that brief, the only evidence on which the court can base this determination is the work which was actually filed. Therefore, the court will disallow 9.7 hours of the requested time as being excessive under the first three of the factors listed in *Johnson.* 488 F.2d at 717–18. That leaves a claim for 21.3 hours of attorney's time.

Evaluating the remainder of the *Johnson* factors, the court concludes that several are inapplicable on the record before the court, including: the preclusion of other employment by the attorney due to acceptance of the case; whether the fee is fixed or contingent; and the undesirability of the case. Of the remaining factors which are applicable, going to the rate which should be set, the court concludes that they militate in favor of allowing plaintiffs' counsel the fee he normally charges of $125 per hour. Plaintiffs' attorney is a tax practitioner who has a masters of law degree in taxation, and who has been in practice for ten years. Given his experience and ability, and the fact that his customary fee is $125 per hour, the court concludes that that fee is reasonable. The court additionally notes that the United States has not objected to the hourly rate sought by plaintiffs' counsel.

For the foregoing reasons, the court will award pursuant to 26 U.S.C. § 7430 attorney's fees in the amount of $2,662.50 for the work performed by plaintiffs' counsel on this case in this court. The court arrived at this figure by multiplying $125 per hour by the 21.3 hours for which the court will allow compensation. The main claim and the claim for attorney's fees in this action having been disposed of, the Clerk of Court is DIRECTED to enter a judgment dismissing this action on grounds of mootness, and awarding attorney's fees in the foregoing amount in favor of the plaintiffs and against the defendants.