FERNAND EMANUEL ROUFFY, JR. and MARY MARGARET ROUFFY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Rouffy v. Commissioner
Docket No. 14704-85.
United States Tax Court
T.C. Memo 1987-5; 1987 Tax Ct. Memo LEXIS 5; 52 T.C.M. (CCH) 1295; T.C.M. (RIA) 87005; January 5, 1987. Fernand Emanuel Rouffy, Jr., pro se. Todd K. Snyder, for the respondent. POWELL
MEMORANDUM FINDINGS OF FACT AND OPINION POWELL, Special Trial Judge: Respondent determined deficiencies in petitioners' 1981 Federal income tax in the amount of $8,767.55. Respondent conceded the case, and on *6 December 12, 1985, a decision was entered by this Court for petitioners. On January 14, 1986, petitioners filed a motion for litigation costs, and, in accordance with section 7430 [1] and Rule 232, the decision entered on December 12, 1985 was vacated and set aside. The issue to be decided is whether petitioners are entitled to reasonable litigation costs under section 7430. During 1981, petitioners lived in Saudi Arabia within the King Faisal Naval Base. On their 1981 tax return, petitioners excluded income under section 911, and respondent disallowed the exclusion. The parties were unsuccessful in resolving the case at the audit level, so petitioners exercised their administrative right of appeal by letter dated June 7, 1984. Since petitioners moved back to the United States, the case was transferred from the tax auditor in Riyadh, Saudi Arabia via the Washington, D.C. and Atlanta Appeals offices to the Columbia, South Carolina Appeals sub-office for consideration. Ultimately, *7 the case was assigned to an Appeals Officer in Columbia on October 23, 1984. The appeals conference was held December 7, 1984, during which petitioners were given the opportunity to present additional facts and information. The statute of limitations for assessment of tax in this case would have expired April 15, 1985, unless extended by consent. The Appeals Officer requested at the December appeals conference that petitioners execute a Form 872-A (Special Consent to Extend the Time to Assess Tax), because she did not have sufficient time to consider petitioners' case. She needed the extension to obtain information on the King Faisal Naval Base, to possibly seek advice of District Counsel, and to do additional research. Since petitioners declined to extend the statute, the Appeals Officer was obliged to expedite the review process.In January, petitioners were again requested and again refused to extend the statute of limitations, and the statutory notice of deficiency was issued on February 28, 1985. Petitioners filed a petition in the Tax Court on May 28, 1985. District Counsel in Atlanta received the case on July 1, 1985, and respondent's answer was mailed to the Court on *8 July 11, 1985. On November 21, 1985, after discussions with the Office of District Counsel, Foreign Operations Division in Washington, D.C. and the Washington, D.C. Appeals Office, respondent decided to concede the case. Information about the King Faisal Naval Base was not available, and an on-site inspection of the facility could not be made. Thus, the case was settled by respondent's District Counsel within five months of the filing of the petition, and decision documents executed by both parties were entered on December 12, 1985. After the decision was entered on December 20, 1985, District Counsel received a memorandum from District Counsel, Foreign Operations (who did not know the case had been settled) enclosing the final report of the Revenue Service Representative in Saudi Arabia concerning the King Faisal Naval Base and advising that although the section 911 factual issue presented a number of litigation hazards, petitioners should be required to meet their burden of proof by offering their own testimony, that of other employees at the camp, photos, etc. Thus a number of factual questions would have to have been clarified and resolved if this case had been tried. *9 To be eligible for an award of reasonable litigation costs under section 7430, [2] petitioners (1) must have exhausted all administrative remedies available to them within the Internal Revenue Service, and (2) must satisfy the statutory definition of a "prevailing party." Petitioners are the "prevailing party" only if they can establish that the position of the United States in the civil proceeding was unreasonable and that they have substantially prevailed with respect to the amount in controversy. Sec. 7430(c)(2). Petitioners must establish all of the above elements in order to recover reasonable litigation costs. Respondent concedes that petitioners have substantially prevailed. *10 Based on a review of the legal basis for respondent's position and of its actions taken during litigation, we find that the Government's position was reasonable, and thus we need not reach and discuss other issues lurking in this case, such as whether petitioners exhausted their administrative remedies and whether petitioners, appearing pro se, are claiming reasonable litigation costs (but see Frisch v. Commissioner, 87 T.C.     (1986)). The reasonableness of respondent in the civil proceeding will be tested from the time of the filing of the petition on May 28, 1985. Don Casey Co., Inc. v. Commissioner, 87 T.C.    , at slip Op. 22 (1986); Baker v. Commissioner,787 F.2d 637 (D.C. Cir. 1986), vacating on other grounds and remanding 83 T.C. 822 (1984). Cf. Ewing and Thomas, P.A. v. Heye,803 F.2d 613 (11th Cir. 1986); but see Powell v. Commissioner,791 F.2d 385 (5th Cir. 1986); Kaufman v. Egger,758 F.2d 1 (1st Cir. 1985). [3] Whether respondent's position was reasonable depends upon all the facts and circumstances surrounding the proceeding, and the fact that the Government eventually *11 loses the case should not be determinative. Baker v. Commissioner,83 T.C. 822, 828-829 (1984), vacated and remanded on another issue 787 F.2d 637 (D.C. Cir. 1986). Furthermore, respondent's concession of the case does not mean that respondent's position in the civil proceeding was unreasonable. 83 T.C. at 828. The correct resolution of the substantive issue raised in the statutory notice here is not simple. While it is unnecessary to discuss in detail the provisions of section 911, the exclusion of foreign earned income depends, in part, on the taxpayer's residing "in a camp located in a hardship area." Sec. 911(a). There are definitional problems in determining the meaning of a "camp" and "hardship area" and factual problems in determining whether a specific area falls within the statute. Petitioners seem to take the approach that respondent acted unreasonably by not accepting immediately their version of the conditions in *12 Saudi Arabia. But respondent clearly is entitled to attempt to verify the conditions and does not act unreasonably if, because of time restraints and difficulties in obtaining information, he does not immediately concede an issue. Cf. Barker v. Commissioner,83 T.C. at 830. This is particularly true where, as here, the particular issue was novel. In this regard, it should be noted that there is no question raised that respondent was applying different standards to other taxpayers. Compare Baker v. Commissioner,787 F.2d at 642. Furthermore, we are satisfied that respondent's counsel conceded the issue within a reasonable time. The case was assigned to Atlanta District Counsel on July 1, 1985. District Counsel began research and investigation soon after the case was filed. Respondent's counsel reviewed the administrative file and work papers as well as documentation submitted by petitioners. Respondent's counsel corresponded with the Office of District Counsel, Foreign Operations Division in Washington, D.C. and with the Washington, D.C. Appeals Office to develop the facts pertaining to the King Faisal Naval Base. Neither the Washington *13 Appeals Office nor the Foreign Operations Division, however, had any specific information concerning the housing at the base. Respondent's attorney also requested information from the Revenue Service representative in Jeddah, Saudi Arabia, who submitted a report dated November 6, 1985, describing what he knew about the King Faisal Naval Base. These were reasonable means taken in the determination and verification of the relevant facts. By November 21, 1985, counsel decided that the lack of information concerning the base, petitioners' expected testimony, the amendment of section 911, [4] and the resulting litigation hazards warranted a concession of the case. Respondent's counsel's prompt action on this case, and concession within five months of the filing of the petition indicate that respondent's position in this litigation was reasonable. See Ashburn v. United States,740 F.2d 843 (11th Cir. 1984) (eleven month delay by Government in conceding the case was not unreasonable because the issues were not simple). See also White v. United States,740 F.2d 836 (11th Cir. 1984). *14 Accordingly, we hold that petitioners are not entitled to litigation costs under section 7430. An appropriate order and decision will be entered.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended, and as in effect during the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Section 7430 became effective for cases begun after February 28, 1983. The Tax Reform Act of 1986, which applies to cases commenced after December 31, 1985, requires that a taxpayer show that the position of the United States in a civil proceeding "was not substantially justified." The Act also applies the awards provision to "any administrative action or inaction by the District Counsel of the Internal Revenue Service (and all subsequent administrative action or inaction) upon which such proceeding is based." Since petitioners filed their petition prior to December 31, 1985, the new provisions do not apply to their case. Accordingly, this Court ordered on May 6, 1986, that the parties focus on whether respondent's position was reasonable from the time of the litigation. We note, however, that our disposition of this matter would be the same under the 1986 statute.↩
3. See also Ashburn v. United States,740 F.2d 843↩ (11th Cir. 1984) holding that the position of the Government under the Equal Access to Justice Act is judged on events during litigation.
4. Section 911 was amended by section 111(a), Pub. L. 97-34, 95 Stat. 172, 190, and the amended provision deleted the language in question here. The administrative importance of the issue, therefore, may have been limited.↩