**EWING AND THOMAS, P.A., a Florida corporation, Petitioner,**

v.

**Merlin W. HEYE, District Director of the Internal Revenue Service, Roscoe L. Egger, Jr., Commissioner of the Internal Revenue Service, and the United States, Respondents.**

No. 84–1181 Civ–T–15.

United States District Court, M.D. Florida, Tampa Division.

July 30, 1985.

J. Miles Buchman, Tampa, Fla., for petitioner.

William H. Dowdy, Atty., Tax Div., Dept. of Justice, Washington, D.C., for the U.S.

## ORDER

CASTAGNA, District Judge.

The Court has considered all of the pleadings filed in this case. The parties agree that there is no dispute as to any material fact relevant to the primary relief requested in the complaint. Moreover, they agree that the requests for injunctive relief are moot because the Government took the corrective actions demanded in the complaint. The only issue which remains to be resolved is the attorneys fees issue.

Under 26 U.S.C. § 7430 (Internal Revenue Code) a prevailing party in a civil proceeding in which the Government's position is unreasonable is entitled to a fee award. The Petitioner argues that this suit was necessary because of the Internal Revenue Service's unreasonable position with respect to the relief requested and that the Government was prompted to take the proper actions only after the suit was filed. That argument has more than ample support in the record. It is fairly clear that this petitioner has some basis for feeling that he was driven into court.

The Government argues that 26 U.S.C. § 7430 only provides attorney fee awards where the Government advances an unreasonable litigation theory in the civil proceeding and that in this suit the Government has acted reasonably from prior to filing its answer. Although the Government's contention in this case perhaps runs counter to some notions of fairness, caselaw in this circuit does support the Government's argument. *See Ashburn v. United States,* 740 F.2d 843 (11th Cir.1984) and *White v. United States,* 740 F.2d 836 (11th Cir.1984). The Petitioner distinguishes *Ashburn* and *White* on the basis that they were decided under a former provision of the Equal Access to Justice Act, not the Internal Revenue Code. However, there is no apparent basis in this circuit for assuming that the position of the United States in a "civil proceeding" under 26 U.S.C. § 7430 would be interpreted more generously than the position of the United States in a "civil action" under the former 28 U.S.C. § 2412(d)(1)(A) (1982) to include compensation for unreasonable agency action. Indeed, in view of the conflicting caselaw in analogous situations under seemingly similar federal legislation, this Court concludes that Congress would have been explicit if it had intended to provide attorney fee relief for proceedings prior to the "civil proceedings."

The Petitioner cites *Kaufman v. Egger,* 758 F.2d 1 (1st Cir.1985) to support the argument that 26 U.S.C. § 7430 is designed to provide fee relief in situations where unreasonable bureaucratic bungling forces the taxpayer to bring suit to correct the error. However, the plain language of that statute does not support such a construction. Read in context, "civil proceeding" is defined as an action brought in a court of the United States and the fee

award is only appropriate where the position of the United States in that court is unreasonable. The issue here is not fairness. The issue is whether the Congress has made the relief requested available to this Petitioner.

Furthermore, as a policy matter, if an award of attorneys's fees were available in such a case as this, where the Government admits the primary claim in its answer, the parties would be left to litigate the collateral issue of whether or not the IRS acted reasonably *prior to* the civil proceeding. The prospect of that situation might well act as a disincentive to a quick resolution of the primary claim by the Government in all but the few cases where the IRS is willing to stipulate that it acted unreasonably at the agency level.

Having considered the foregoing, it is ORDERED:

1. That the Respondents' Motion for Summary Judgment is granted.

2. That the Petitioner's Motions for Summary Judgment and Award of Attorneys Fees are denied.