**Gladys C. FINNEY, Plaintiff,**

v.

**Charles E. RODDY, et al., Defendants.**

**Civ. A. No. 83-0686-R.**

United States District Court,
E.D. Virginia,
Richmond Division.

Sept. 20, 1985.

William K. Grogan, Richmond, Va., for plaintiff.

Robert W. Jaspen, Asst. U.S. Atty., D. French Slaughter, III, Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendants.

### MEMORANDUM

MERHIGE, District Judge.

This matter comes before the Court on the motion of plaintiff for an award of attorneys' fees. Plaintiff contends that she is entitled to such an award pursuant to 26 U.S.C. § 7430. Defendants, on the other hand, contend that plaintiff is not entitled to any fees whatever under that section. The motion has been briefed, and the parties have not timely sought oral argument. Accordingly, it is now ripe for disposition.

### BACKGROUND

Plaintiff originally brought this suit for declaratory, injunctive, and monetary relief against defendants Roddy (the district director of the Richmond Division of the Internal Revenue Service (IRS) at all times material hereto) and the United States of America. Plaintiff primarily sought to enjoin an impending public auction sale of several of her properties upon which the IRS had placed liens.

The complaint alleged that the IRS placed nominee liens on the properties in question for taxes the IRS claimed were owed by a third person, whom the IRS believed was the true owner of the property. The IRS threatened to hold—and went so far as to schedule and advertise—a public auction sale of the properties on November 9, 1983. Yet it had never mailed to the allegedly deficient taxpayer any notice pursuant to 26 U.S.C. § 6212, thereby precluding the taxpayer from challenging the alleged deficiency under 26 U.S.C. § 6213. Apparently plaintiff, by counsel, had attempted during the four weeks prior to the scheduled sale date to persuade IRS collection division officials not to hold the sale. On November 7, 1983—two days prior to the date scheduled for the sale—those officials nevertheless decided that the sale would go forward, prompting plaintiff to file this lawsuit and a motion for a temporary restraining order.

A conference between an assistant United States attorney and counsel for plaintiff followed. The IRS decided, shortly thereafter, not to hold the scheduled sale. Some seven months later, the parties concluded most of the case by stipulation. The stipulation dismissed as moot plaintiff's request for declaratory and injunctive relief, and dismissed with prejudice plaintiff's demand for monetary damages. The stipulation reserved plaintiff's claim for attorney's fees, however. In that regard, it also provided that: (i) the United States did not act unreasonably, subsequent to the filing of the complaint; and (ii) the plaintiff had substantially prevailed with respect to the most significant issue or set of issues presented. The parties now dispute the availability of attorney's fees to plaintiff under 26 U.S.C. § 7430, in light of these stipulations and the other facts of the case.

### DISCUSSION

*I. Applicability of 26 U.S.C. § 7430(a).*

The parties do not dispute that 26 U.S.C. § 7430(a) governs the disposition of the

issue before the Court. The statute provides that:

> In the case of any civil proceeding which is—
>
> (1) brought by or against the United States in connection with the determination, collection, or refund of any tax, interest or penalty under this title, and
>
> (2) brought in a court of the United States (including the Tax Court and the United States Claims Court),
>
> the prevailing party may be awarded a judgment for reasonable litigation costs incurred in such proceeding.

26 U.S.C. § 7430(a). This suit was brought in federal district court against the United States in connection with the collection of an alleged federal income tax deficiency. It thereby falls within the scope of Section 7430(a).

## II. Exhaustion.

■ The statute requires that, in order to recover litigation costs under § 7430(a), a prevailing party must have first "exhausted the administrative remedies available...." 26 U.S.C. § 7430(b)(2). Here, plaintiff by counsel apparently engaged in a series of conferences prior to filing this suit with the relevant personnel in the IRS's collection division, unsuccessfully attempting to dissuade the IRS from holding the public auction sale. She filed this suit shortly after those officials reached an adverse administrative decision, and only days prior to the scheduled sale. The parties do not dispute that plaintiff exhausted her available administrative remedies, and the Court so finds.

## III. Prevailing Party.

The statute authorizes an award of "litigation costs"—which include reasonable attorney's fees, 26 U.S.C. § 7430(c)(1)(A)(iv), as plaintiff seeks here—only to a "prevailing party." 26 U.S.C. § 7430(a). It then specifically defines "prevailing party" in 26 U.S.C. § 7430(c)(2)(A).[1] In order to be a prevailing party within the meaning of the statute, a party must meet two requirements. First, it must establish that the "position of the United States in the civil proceeding was unreasonable." 26 U.S.C. § 7430(c)(2)(A)(i). Second, the person must have "substantially prevailed" with respect either to the "amount in controversy" or "the most significant issue or set of issues" in the proceeding. 26 U.S.C. § 7430(c)(2)(A)(ii).

### A. Whether plaintiff substantially prevailed.

The parties have stipulated that the plaintiff has "substantially prevailed with respect to the most significant issue or set of issues presented."[2] Thus, the issue remaining, in determining whether plaintiff is a "prevailing party" to whom the Court may award litigation expenses, is whether the position of the United States was unreasonable.

### B. Whether position of United States was unreasonable.

In addition to stipulating that plaintiff has substantially prevailed with respect to the most significant issues, the parties have agreed that the United States did not act unreasonably subsequent to the filing

---

**1.** The statute reads, in pertinent part, as follows:
Prevailing party.
(A) In general.—The term "prevailing party" means any party to any proceeding described in subsection (a) (other than the United States or any creditor of the taxpayer involved) which—
 (i) establishes that the position of the United States in the civil proceeding was unreasonable, and
 (ii)(I) has substantially prevailed with respect to the amount in controversy, or

(II) has substantially prevailed with respect to the most significant issue or set of issues presented.
(B) Determination as to prevailing party.—Any determination under subparagraph (a) as to whether a party is a prevailing party shall be made—
 (i) by the court, or
 (ii) by agreement of the parties.
26 U.S.C. § 7430(c)(2).

**2.** Such stipulations are expressly permitted by the statute. See 26 U.S.C. § 7430(c)(2)(B)(ii).

of the complaint in this lawsuit.[3] On the other hand, plaintiff vigorously argues— and the United States does not contest— that the IRS position prior to the filing of the complaint was unreasonable. The Court agrees. Thus, the relevant facts are not in dispute. The issue before the Court is, rather, a legal one involving statutory construction. Specifically, the Court must determine whether the statutory requirement that "the position of the United States in the civil proceeding [be] unreasonable," 26 U.S.C. § 7430(c)(2)(A)(i), is satisfied by an unreasonable position taken by the United States prior to the filing of the complaint in the action wherein the party seeks to recover fees.

The same issue has arisen in other courts, and they have divided on its proper resolution. *See Kaufman v. Egger,* 584 F.Supp. 872, 877–80 (D.Me.1984), *aff'd,* 758 F.2d 1 (1st Cir.1985) ("position of the United States" includes "pre-litigation" position); *see also Hallam v. Murphy,* 586 F.Supp. 1, 3 (N.D.Ga.1983); *Penner v. United States,* 584 F.Supp. 1582, 1583–84 (S.D.Fla.1984). *Contra Brazil v. United States,* 84–2 U.S. Tax Cas. (CCH) ¶ 9596 (D.Ore.1984); *Zielinski v. United States,* 84–1 U.S. Tax Cas. (CCH) ¶ 9514 (D.Minn. 1984); *Eidson v. United States,* 84–1 U.S. Tax Cas. (CCH) ¶ 9182 (N.D.Ala.1984); *Baker v. Commissioner of Internal Revenue,* 83 T.C. 822, 827 (1984). In addition, the Court has the benefit of Congress's resolution of the issue in favor of considering the pre-litigation as well as the post-complaint phase of the proceedings, in a closely related statute. *See* Equal Access to Justice Act Amendments, Pub.L. 99–80, § 2(c)(2)(B), 99 Stat. 183, 185 (1985).

 The Court concludes that the broader construction plaintiff urges is the appropriate one. At the outset, the Court observes that the phrase to be construed is ambiguous. Even in the relatively specialized vocabulary of lawyers, the term "civil proceeding" may convey both the broad and narrow constructions urged here. *See* Black's Law Dictionary 1083 (rev. 5th ed. 1979) ("proceeding" refers to "administrative proceedings before agencies, tribunals, bureaus, or the like" as well as to court proceedings). And the statute itself does not expressly define the term "civil proceeding" that the Court must consider in evaluating the "position of the United States." Furthermore, portions of Section 7430 can be read to support either view.[4]

In light of the ambiguity in the text of the statute, extrinsic aids may properly be considered in clarifying the ambiguity. Some of the courts that have construed "position of the United States" to include the IRS's pre-litigation position have relied

---

3. *See* note 2, *supra.*

4. In support of the narrower reading, the statute expressly limits "civil proceeding[s]" for which a party may recover litigation costs to "those brought in a court of the United States (including the Tax Court and the United States Claims Court)." 26 U.S.C. § 7430(a)(2). When the statute thereafter refers to the "position of the United States in the civil proceeding," in 26 U.S.C. § 7430(c)(2)(A)(i), it is reasonable to presume that the relevant "civil proceeding" is one in the same with the civil proceeding for which litigation costs may be awarded: that is, the proceeding that was brought in a court of the United States. But, while reasonable, this is not a necessary conclusion. The statute could authorize recover of only those litigation costs incurred after a suit is filed, but nevertheless allow for consideration of the United States' position prior to the commencement of litigation in evaluating whether the "position of the United States" was unreasonable.

In support of a broader reading, on the other hand, is Subdivision Three of the "Definitions" subsection, which states that "the term 'civil proceeding' includes a civil action." 26 U.S.C. § 7430(c)(3). This implies that Congress understood the term "civil proceeding" to encompass more than civil actions, which in turn suggests that "civil proceeding" includes prelitigation action by the IRS as well as proceedings in U.S. district court or tax court. This too is not dispositive of the issue, however. Congress may have used the term "civil proceeding" to refer to a larger set of proceedings than "civil actions," but nevertheless may have applied the term only to matters invoking the jurisdiction of a court, not to those transpiring before an agency. *See* H.R.Rep. No. 404, 97th Cong. 2d Sess. at 12 ("civil actions and proceedings include proceedings to enforce a summons, jeopardy, assessments, wrongful levies, and interpleaders.").

on the legislative history of Section 7430 to reach their conclusion. *See, e.g., Kaufman v. Egger, supra,* 758 F.2d at 4. The legislative history does provide some support for that broader reading, primarily through its articulation of Congress's goal of deterring abuses and over-reaching by the Internal Revenue Service. *See* H.R.Rep. No. 404, 97th Cong. 2d Sess. at 11 (1982); Senate Comm. on Finance, Technical Explanation of Committee Amendment, *reprinted in* 127 Cong.Rec. S 15595 (daily ed. Dec. 16, 1981). But the legislative goal of deterring IRS abuses, alone, does not persuade the Court to adopt one construction argued here over the other. Both constructions are consistent with that goal; the broader construction merely carries it further than the narrow one. The legislative history does not clarify the extent to which Congress intended to go in pursuing the goal.

It is, rather, the recent amendments to the Equal Access to Justice Act (EAJA) that persuade the Court to adopt the broader construction urged here by plaintiff. Similar statutes, as well as the legislative history of the statute in question, may appropriately be considered in construing an ambiguous statutory provision. *See* 2A N. Singer, *Statutes and Statutory Construction* § 51.01 at 449 (rev. 1984) ("... other statutes may not be resorted to if the statute is clear and unambiguous.").

Like Section 7430, the EAJA governs attorneys' fee awards against the Government.[5] Initially enacted in 1980, *see* Equal Access to Justice Act, Pub.L. 96–481, 94 Stat. 2325 (1980), the EAJA provides generally for attorneys' fee awards to parties who prevail against the United States "in any civil action (other than cases sounding in tort) brought by or against the United States in any court having jurisdiction of that action ...." 28 U.S.C. § 2412(d)(1)(A).[6] The EAJA makes an exception to such an award, however, where

"the position of the United States was substantially justified." *Id.* As with section 7430 of title 26—the statute at issue here—Courts have divided over whether "position of the United States" in the EAJA should be broadly read to contemplate the position of the Government in the agency proceedings prior to the court litigation, or whether it should be narrowly read to refer only to the position of the United States in the court litigation itself. *Compare, e.g., Natural Resources Defense Council v. U.S. E.P.A.,* 703 F.2d 700, 706–07 (3d Cir.1983) ("position" includes underlying conduct of agency, not merely trial conduct), *with, e.g., Amidon v. Lehman,* 730 F.2d 949, 952 (4th Cir.1984) (improper to consider prelitigation events in evaluating the government's position). Congress has very recently clarified the issue in favor of the broader reading. *See* EAJA Amendments, *supra,* § 2(c)(2)(B). The amendments, in pertinent part, unambiguously state that:

'position of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based.

*Id.* The legislative history indicates that Congress amended the EAJA because "agencies and courts are misconstruing the Act" by interpreting " 'position of the United States' ... in a narrow fashion which has helped the federal government escape liability for awards." H.R.Rep. No. 120, 99th Cong. 1st Sess. at 9 (1985), U.S.Code Cong. & Admin.News 1985, 132, 137.

The Court believes that "position of the United States" in Section 7430(c)(2)(a)(i) of Title 26 should be read *in pari materia* with the same phrase in the analogous provision of the EAJA, 28 U.S.C. § 2412(d)(1)(A) (as amended). Both statutes were enacted to govern the award of attorneys' fees against the federal government. Indeed, Section 7430 can be viewed as an extension of the goals of the EAJA to

---

5. Section 7430 of Title 26, however, is the exclusive provision for recovering attorneys' fees from the Government in federal tax proceedings. See H.R.Rep. No. 404, *infra,* at 1003.

6. The most recent amendments to the EAJA have modified the quoted portion of the statute to insert the words "including proceedings for judicial review of agency action" after "in tort." EAJA Amendments, *supra,* § 2(a)(2).

all types of federal tax cases: it expanded the principle of attorneys' fee recovery for parties who prevail against the federal government to litigants in tax cases before the United States Tax Court. Such litigants could not recover attorneys' fees under the EAJA, although litigants in tax cases brought in federal district courts or the U.S. Court of Claims could do so. *See* H.R.Rep. No. 404, *supra,* at 10 (1982). Congress further determined that Section 7430 should apply to all tax proceedings, regardless of the Court in which they are brought. *See id.* The Court has found nothing in the legislative history—or in Section 7430 itself—to suggest that "position of the United States" was intended to vary from one statute to the other. Accordingly, the Court, following the guidance of Congress in its recent amendments to the EAJA, concludes that "position of the United States" in 26 U.S.C. § 7430(c)(2)(A)(i) refers to the position of the IRS in its administrative proceedings as well as to the Government's position following the filing of a complaint in the federal district court, tax court, or court of claims.

The result reached here is, in the Court's view, buttressed by the conclusion that it represents basic fairness.

As discussed *supra,* the Government does not take issue with plaintiff's characterization of the IRS's conduct prior to plaintiff's filing her complaint as "unreasonable," and the Court agrees. Further, the IRS's unreasonable pre-litigation conduct plainly generated this lawsuit, along with its corresponding expenses to the plaintiff. The Court concludes that the "position of the United States" in this case was unreasonable within the meaning of 26 U.S.C. § 7430(c)(2)(A)(i).

## IV. Fee Award.

As discussed above, plaintiff has satisfied the requirements of 26 U.S.C. § 7430(c)(2)(A)(i) and (ii) and is therefore a "prevailing party" eligible for litigation costs pursuant to 26 U.S.C. § 7430(a). She seeks a total award of $3,040. The Govern-

ment argues that the statute does not allow fee recovery for attorneys' services expended prior to the preparation and filing of the complaint; but it does not contend that any of the hours expended or rates claimed are unreasonable.

### A. General principles.

The United States Supreme Court, speaking through Justice Powell, in *Hensley v. Eckerhart,* 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), recently summarized the basic principles governing attorneys' fee awards pursuant to statutes authorizing awards to "prevailing parties." Although the statute under consideration in that case was the Civil Rights Attorneys' Fees Awards Act of 1976, 42 U.S.C. § 1988, Justice Powell noted that "the standards set forth in this opinion are generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party.'" *Id.* at 433, 103 S.Ct. at 1939. The statute pursuant to which plaintiff seeks her fee award, 26 U.S.C. § 7430, appears to be such a statute. *See* 26 U.S.C. § 7430(a) ("the prevailing party may be awarded a judgment for reasonable litigation costs ...."). Accordingly, the Court shall apply the general principles governing fee awards articulated in *Hensley* to the instant case.

The basic approach summarized in *Hensley* to arriving at a reasonable fee award, in cases such as the instant one, is straightforward. It involves multiplying the "number of hours reasonably expended on the litigation" by a "reasonable hourly rate." *Hensley, supra,* 461 U.S. at 433, 103 S.Ct. at 1939. The burden is on the party seeking an award of fees to submit evidence supporting the hours worked and rates claimed. *Id.* The Court should then adjust the award, if necessary, in light of the "results obtained," considering (i) whether the party failed to prevail on unrelated claims, and (ii) whether the party achieved a level of success that makes hours reasonably expended a satisfactory basis for making a fee award. *Id.* at 434, 103 S.Ct. at 1940. A number of other factors may also

be considered, such as any of the twelve factors[7] originally enumerated in *Johnson v. Georgia Highway Express*, 488 F.2d 714, 717–19 (5th Cir.1974). As the United States Supreme Court has noted, however, many of these factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate. *Hensley, supra*, 461 U.S. at 434 n. 9, 103 S.Ct. at 1940 n. 9.

### B. Reasonable hourly rate.

Plaintiff attempts to establish a reasonable hourly rate from between $60 to $100, depending on the activity. She relies on her attorney's affidavit describing his professional background and indicating that such a fee range is customary in the Richmond area for similar services. The Court finds such hourly rates for the services rendered to be reasonable, and it discerns no reason to adjust the hourly rate sought.

### C. Hours reasonably expended.

Upon review of the description of the services rendered, the Court finds that the hours claimed were reasonable for the tasks involved. It also finds that the tasks involved were reasonable for the requirements of the case. Nevertheless, plaintiff is not entitled to attorneys' fees for all of the hours submitted, because the hours include some that were submitted prior to the preparation and filing of the complaint. As the Government points out, the statute does not authorize a fee award for such services.

The language of Section 7430, in itself, suggests that costs incurred prior to the filing of the court proceeding are unrecoverable. It limits the litigation costs for which a prevailing party is entitled to an award of those costs incurred in the civil proceeding *"brought in a court* of the United States." 26 U.S.C. § 7430(a)(2). (emphasis added) The legislative history confirms this reading, indicating that:

> The Committee intends that the costs of preparing and filing the petition or complaint which commences a civil tax action be the first of any recoverable attorneys' fees. Fees paid or incurred for the services of an attorney during the administrative stages of the case could not be recovered under an award of litigation costs.

H.R.Rep. No. 404, 97th Cong.2d Sess. at 14 (1982). Accordingly, plaintiff is not entitled to recover fees incurred prior to the preparation and filing of the petition.

Upon review of plaintiff's itemized list of services, the Court concludes that the bulk of the amount plaintiff seeks in attorney's fees may properly be awarded under the statute. However, among the services rendered to her from October 21 to November 7, 1983, as the Court has heretofore stated, a portion cannot be the basis of a fee award. Of the 7.4 hours expended by her attorney during that period, 3.4 hours appear to be purely related to the prior administrative proceedings, and cannot be included. One hour is related in its entirety to researching the law underlying the complaint, and is includible. The remaining three hours appear to be at least partly related to preparing the complaint; and in light of the tasks involved, the Court shall presume that one of those three hours was so expended, and is includible. The Court shall therefore deduct 5.4 of the 7.4 hours in question from the hours for which plain-

---

**7.** Those twelve often-recited factors are:

(1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorneys' opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases. *Johnson, supra*, 488 F.2d at 717–19.

The Court of Appeals for the Fourth Circuit has approved the determination of a fee award in light of those factors. *Barber v. Kimbrell*, 577 F.2d 216, 226, n. 226 n. 28 (4th Cir.), *cert. denied*, 439 U.S. 934, 99 S.Ct. 329, 58 L.Ed.2d 330 (1978).

tiff may receive an award for attorney's fees. Her attorney billed those hours at a total of $540, and plaintiff seeks the same amount in her proposed fee award. Accordingly, the amount sought must be reduced by $540.

### D. *Results obtained, and other factors.*

As discussed *supra*, under *Hensley* there are two distinct inquiries in which a court should engage, in analyzing whether the "results obtained" warrant an attorneys' fee award based on reasonable hourly rates multiplied by hours reasonably expended. The first is whether the party seeking the award failed to prevail on any unrelated claims. The Court discerns no unrelated claims that plaintiff brought in this case, and therefore concludes that the hours reasonably expended need not be adjusted on account of this consideration.

The second inquiry is whether the party achieved a "level of success" that makes the hours expended a satisfactory basis for making a fee award. Here, plaintiff by counsel prevented the IRS from selling real property she owned at a public auction, which the IRS threatened to do up until the eleventh hour. She further succeeded in having the IRS release a tax lien against that same property, which was worth $25,000–$30,000 at the time, according to her counsel's unrefuted affidavit. Given these results, the Court concludes that the hours her attorney expended and the rates sought for these hours are indeed a satisfactory basis for making a fee award.

Neither plaintiff nor defendants have argued that any of the other twelve *Johnson* factors warrant adjustment of the fee award from the amount arrived at by the basic "reasonable hourly rate times reasonable hourly amount" determination. Nor does the Court, upon review of those factors and the facts of this case, discern any basis for such adjustment.

### E. *Amount of award.*

Subtracting the $540 for the non-includible hours expended by her attorney at the administrative stage, the Court finds that plaintiff is entitled to an award that includes $2,390 in attorneys' fees. In addition, she seeks $60 for her filing fee and $50 for fees for service of process. Because the statute authorizes recovery of "reasonable court costs," 26 U.S.C. § 7430(c)(1)(A)(i), plaintiff is entitled to recover these costs as well. Thus, her total award shall be $2,500.

An appropriate order shall issue.