**KANSAS CITY SOUTHERN TRANSPORT CO., et al., Plaintiffs,**

v.

**The UNITED STATES, Defendant.**

**No. 271–85T.**

United States Claims Court.

Dec. 23, 1986.

James F. Duncan, Allan L. Bioff and Charles R. Wunsch, Kansas City, Mo., for plaintiffs.

Kenneth C. Gobetz and Mildred Seidman, Washington, D.C., with whom was Asst. Atty. Gen. Roger M. Olsen, for defendant.

## ORDER

MOODY R. TIDWELL, III, Judge:

This is a motion requesting litigation costs and attorney fees. The underlying case was settled by the parties after defendant conceded error. Plaintiffs request $13,590.22 for litigation expenses including attorneys' fees.

## FACTS

The underlying case was brought by three motor carriers, Landa Motor Lines (Landa), Kansas City Southern Transport Co., Inc. (KCST) and Louisiana, Arkansas & Texas Transportation Co. (LATT). All three motor carriers operated as trucking companies under the motor carrier provisions of the Interstate Commerce Act. In 1948 Landa and LATT were determined to not be "employers" subject to the Railroad Retirement Act of 1937, 45 U.S.C. § 228a *et seq.*, by an Opinion of the General Counsel of the Railroad Retirement Board. In 1978, KCST received an identical Opinion.

Based upon the Railroad Retirement Board Opinions, the plaintiffs reported and paid their Federal Insurance Contributions (FICA) tax for each of the tax quarters for all of the years covered by this litigation. However, in 1980 the Internal Revenue Service audited plaintiffs, notwithstanding their claimed exemption, and concluded that they were employers for purposes of the Railroad Retirement Act. Despite plaintiffs' formal protestations, IRS assessed Railroad Retirement Act taxes against each plaintiff and refused to credit them for the FICA taxes they had paid. All three plaintiffs paid a portion of the assessed taxes.

In December 1982, Landa filed a claim with the IRS seeking refund of the taxes paid under the Railroad Retirement Act, including interest and penalties. In February 1983, KCST and LATT filed similar claims with the IRS. The Director of the Kansas City Service Center, IRS, denied LATT's refund claim but failed to respond to Landa's and KCST's refund claim within the six-month statutory period. Following the six-month statutory period, the Claims Court issued an opinion in *Missouri Pacific Truck Lines, Inc. v. United States,* 3 Cl.Ct. 14 (1983), *aff'd per curiam,* 736 F.2d 706 (Fed.Cir.1984), in which all of the elements and issues of the case at bar were ruled upon. Shortly thereafter, counsel for plaintiffs met with IRS to discuss the impact of *Missouri Pacific* upon their refund claims and counsel for plaintiffs was as-

sured that consideration would be given to their position within the IRS.

The underlying case was filed on May 9, 1985 and on January 30, 1986, defendant, without ever answering plaintiffs' Complaint conceded, *in toto*, the case to plaintiffs. By motion filed November 3, 1986, plaintiffs seek award of litigation costs, including attorneys' fees, expended in pursuing their refund claims filed before the IRS and this court.

## DISCUSSION

■ This is the second time that this court has been faced with a request for litigation costs and fees brought under 26 U.S.C. § 7430. The first, *Columbus Fruit and Vegetable Cooperative Association v. United States*, 8 Cl.Ct. 525 (1985) contains an outstanding analysis of the law and its practical application to the facts, upon which this court relies extensively. Section 7430, entitled, "Awarding of Court Costs and Certain Fees," as it relates to the case at bar provides that in the instance of any "civil proceeding" brought against the United States for the refund of any tax, interest, or penalty in the United States Claims Court, the prevailing party [1] may be awarded reasonable litigation costs up to $25,000 so long as the court or the parties have determined that the prevailing party has exhausted the administrative remedies provided by the IRS. Included within the term, "reasonable litigation costs" are court costs, and attorney fees paid or incurred in connection with the civil proceeding. In sum, the court must find that

plaintiffs exhausted their administrative remedies, prevailed in civil proceedings, and that defendant acted unreasonably in those proceedings, in order to award litigation costs and fees.

■ There is no dispute that plaintiffs exhausted the administrative remedies provided by IRS. Claims for refunds were properly and timely filed, the six-month statutory period to respond was given IRS during which time counsel for plaintiffs met with various officers of IRS to discuss the claims and the impact thereon of *Missouri Pacific*, and fully and openly discussed the claims in an appeals office conference. *See* 26 C.F.R. § 301.7430–1. Finally, suit was filed in this court because the statute of limitations was fast approaching on one of plaintiffs' claims. That plaintiffs prevailed in civil proceedings is beyond cavil. Following a long period of review and analysis, defendant conceded that plaintiffs were not employers under IRC § 3231 [2] and that IRS had erroneously determined that plaintiffs were "employers," and assessed taxes accordingly. The parties eventually executed a Stipulation for Entry of Judgment in favor of plaintiffs, which was approved by this court on October 6, 1986. The issue over which the parties have vociferously disagreed is whether defendant acted in an unreasonable manner in the civil proceedings. Unfortunately, the Congress did not define the term "unreasonable," yet in order to prevail plaintiffs must prove that "the position of the United States in the

---

1. A "prevailing party" is a party who brings a civil proceeding against the United States and proves that: (1) the position of the United States in the civil proceeding was unreasonable, (2) the plaintiff substantially prevailed with the amount in question, or (3) the plaintiff substantially prevailed with respect to the most significant issue or issues presented. 26 U.S.C. § 7430(a) (1982).

2. Section 3231 of the IRC defines employer as follows:
   (a) Employer.
   For purposes of this chapter, the term "employer" means any carrier (as defined in subsection (g)), and any company which is directly or indirectly owned or controlled by one or

more such carriers or under common control therewith, and which operates any equipment or facility or performs any service (except trucking service, casual service, and the casual operation of equipment or facilities) in connection with the transportation of passengers or property by railroad, or the receipt, delivery, elevation, transfer in transit, refrigeration or icing, storage, or handling of property transported by railroad, and any receiver, trustee, or other individual or body, judicial or otherwise, when in the possession of the property for operating all or any part of the business of any such employer....

26 U.S.C. § 3231(a) (1982).

civil proceeding was unreasonable." 26 U.S.C. § 7430(c)(2)(A)(i) (1982). We may, however, look to the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A) for aid in the interpretation of defendant's reasonableness. *Columbus Fruit* at 527. As Judge Nettesheim so ably stated:

> Although the language of section 7430 sets the standard in cases such as this as one of reasonableness, the Federal Circuit's decision in *Broad Avenue Laundry & Tailoring v. United States*, 693 F.2d 1387 (Fed.Cir.1982) (award of attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A) (1982) ("the EAJA")), further refines this standard. Adoption of the teachings of *Broad Avenue* and other cases decided under the EAJA is justified in cases to be determined pursuant to section 7430. . . . Section 7430 was promulgated merely to remedy in tax cases what section 2412(d)(1)(A) of the EAJA neglected to provide for in the area. Accordingly, section 7430 relieved Congress' concern regarding the failure of the EAJA to provide fee awards for cases brought in the United States Tax Court. While it allayed this concern, section 7430, pursuant to design, simultaneously created uniformity in the rules applicable to fee awards in tax cases in the United States Claims Court, Tax Court, and district courts. *See Sharpe v. United States*, 607 F.Supp. 4 (E.D.Va.1984) (section 7430 was intended to do no more than supplant section 2412(d)(1)(A) with respect to tax matters). Otherwise, both section 7430 and 2412(d)(1)(A) share the same general goal—the award of attorneys' fees in matters in which the Government has proceeded unreasonably. *See* Staff of Joint Comm. on Taxation, 97th Cong., 2d Sess., General Explanation of the Revenue Provisions of the Tax Equity and Fiscal Responsibility Act of 1982, at 444–45 (Joint Comm. Print 1982).
>
> *Kaufman v. Egger*, 584 F.Supp. 872 (D.Me.1984), thoroughly compares both sections, concluding that while section

2412(d)(1)(A) states that fees shall be awarded unless "the court finds that the position of the United States was substantially justified. . . ." and section 7430 states that the prevailing party must "[establish] that the position of the United States in the civil proceeding was unreasonable, . . ." there is nevertheless "no dispositive difference between the two standards." 584 F.Supp. at 877 n. 1. The court agrees with the analysis in *Kaufman*.

*Columbus Fruit*, 8 Cl.Ct. at 527–28.

Since *Kaufman* in 1984 and *Columbus Fruit* in 1985, the United States Court of Appeals for the Federal Circuit has defined the phrase "substantially justified," as used in the EAJA, as meaning "clearly reasonable." *Gavette v. Office of Personnel Management*, 785 F.2d 1568, 1579 (Fed.Cir.1986), thus bringing the standards of review under the two Acts even closer together. Under *Gavette*, the court in determining whether defendant was "substantially justified" would look to see if its position was "clearly reasonable." *Id.* It is the opinion of this court, following *Columbus Fruit*, that in determining whether defendant was "unreasonable," it would look to see if defendant's position was "clearly reasonable." If "clearly reasonable," *a fortiori*, it could not be "unreasonable."

In determining whether defendant, in any appropriate case, acted in a clearly reasonable manner under 28 U.S.C. § 2412(d)(1)(A) and 26 U.S.C. § 7430(c)(2)(A)(i), the court must remain flexible and review all of the pertinent facts of each case on a case-by-case basis. *Broad Avenue Laundry and Tailoring v. United States*, 693 F.2d 1387 (Fed.Cir. 1982).[3] "Where the government can show that its case had a reasonable basis both in law and fact, no [fee] award will be made." *Broad Avenue* at 1391 (citing S.Rep. No. 253, 96th Cong., 2d Sess. 6 (1980); H.R. Rep. No. 1418, 96th Cong., 2d Sess. 10,

---

3. This court reached the same conclusion in an unpublished Opinion, *Naporano Iron & Metal*

*Company v. United States*, No. 440–79T, slip op. (Cl.Ct. November 21, 1986).

*reprinted in* U.S.Code Cong. & Ad. News 1980, pp. 4953, 4984, 4989).

The facts before us are adequate for this court to determine whether defendant's position on the civil proceeding was "clearly reasonable" and, if not, then "unreasonable." However, before proceeding further with the issue of defendant's position on the civil proceeding, it is necessary to determine just what actions of defendant are reviewable by the "clearly reasonable" test—the position of defendant prior to filing of the underlying litigation or subsequent thereto, or both.

Section 7430 refers to the recovery of reasonable litigation costs arising out of any "civil proceeding." 26 U.S.C. § 7430 (1982). The phrase "civil proceeding" is not, however, defined in the Act. Under the EAJA, the United States is liable for costs, attorneys' fees and expenses to the extent that a private party would be liable, 28 U.S.C. § 2412(b) (1982), and is authorized to pay fees and expenses subsequent to "adversary adjudication" connected with the proceeding. 5 U.S.C. § 504 (1982). A court, as part of its proceedings in a case, may grant fees and expenses in a civil action, 28 U.S.C. § 2412(d)–(1)(A) (1982), and in judicial review of an adversary adjudication. 28 U.S.C. § 2412(d)(3) (1982). As held in *Gavette v. Office of Personnel Management*, 785 F.2d 1568 (Fed.Cir.1986), "[t]he EAJA applies ... to 'civil actions' and to 'adversary adjudications.'" *Id.* at 1573. A civil action involves judicial proceedings whereas an adversary adjudication involves adjudication at the agency level.

■ The identical issue was also addressed by Judge Nettesheim in *Columbus Fruit*. She concludes, and this court agrees, that unlike an action brought under the EAJA, plaintiff may not recover litigation costs and fees expended during the administrative phase of the underlying case. *Id.* at 530–31. The legislative history of 26 U.S.C. § 7430, to which we may turn in the absence of clarity in the law itself, provides that:

Recoverable litigation costs include only the reasonable amount of costs which are incurred in the litigation of a civil tax action or proceeding.... The committee intends that the costs of preparing and filing the petition or complaint which commences a civil tax action be the first of any recoverable attorney's fees. Fees paid or incurred for the services of an attorney during the administrative stages of the case could not be recovered under an award of litigation costs.

*Columbus Fruit,* 8 Cl.Ct. at 531 (citing H.R.Rep. No. 404, 97th Cong., 1st Sess. (adopted in Joint Committee Explanation at 448–49)).

■ Accordingly, the court need only determine the position of defendant to see if it was "clearly reasonable" from the time of the filing of the Complaint in the underlying case. Of course, if the court should conclude that defendant's actions were not "clearly reasonable," costs and fees would be awarded for time and costs spent and incurred in preparing the filing.

Plaintiffs' complaints of defendant's behavior as "unreasonable," *i.e.,* not "clearly reasonable," subsequent to filing of the Complaint on May 9, 1985 primarily consists of the amount of time spent by the Department of Justice in deciding whether to concede error and to refund the improperly assessed taxes, plus interest and penalties. Plaintiffs pointed out that defendant's first actions after filing of the Complaint was to file, *seriatim,* two motions for enlargement and two motions to suspend proceedings. Defendant, Department of Justice, conceded the case to plaintiffs on January 30, 1986 but five months later the refund had still not been made. After being directed by the court to make refunds to plaintiffs, defendant, IRS, instead offset those funds against other "debts" of plaintiffs which in reality were other assessments of the same nature as just conceded by counsel for defendant. The latter action of the IRS apparently occurred because counsel for defendant had failed to discuss and coordinate the action with its

client, IRS. In any event, the matter was corrected and plaintiffs received their refunds. In all, it took between 15 and 16 months for plaintiffs to receive their refunds from the date the Complaint was filed.[4] Not all of that time though can be attributed to defendant. In one instance, after being notified of a tentative decision to concede the case, plaintiffs were asked to verify certain matters. Plaintiffs did not respond for four months.

Defendant freely admitted that it filed two motions for enlargement of time and two motions to suspend proceedings but that plaintiffs' counsel did not object to any of the motions. Moreover, good and valid reasons were given by counsel for defendant for the requested enlargements of time and suspension of proceedings. For example, the IRS could not locate all of the pertinent records for quite some time after being requested by its counsel, regulations directly addressing the issue had to be analyzed by counsel, the facts in *Missouri Pacific Truck Lines, Inc. v. United States,* 3 Cl.Ct. 14 (1983), *aff'd per curiam,* 736 F.2d 706 (Fed.Cir.1984) had to be studied and compared to those in the underlying case, and finally, time was needed to discuss and then request, and get, approval, through channels, from the Deputy Attorney General.

CONCLUSION

Based upon the foregoing analysis, the court finds that plaintiffs, as the prevailing parties, have failed to show that the position of the United States in the underlying case was not "clearly reasonable," *i.e.,* that it was "unreasonable" and plaintiffs are, therefore, not entitled to litigation costs, including attorneys' fees. In view of our holding, we need not address other issues such as the IRS' refusal to credit plaintiffs

for the FICA taxes previously paid by plaintiffs or the amount of attorney fees requested by plaintiffs.

Accordingly, plaintiffs' applications for litigation costs, including attorneys' fees, under 26 U.S.C. § 7430 are denied.

IT IS SO ORDERED.

---

4. Excess time, amounting to unconscionable delay, spent by defendant in civil proceedings could possibly cause it to fail the "clearly reasonable" test, but not in this instance. However, the court is not amused by defendant's arguments that it acted "expeditiously" in conceding the case and causing refunds to be made, and thinks even less of defendant's argument that the court cannot possibly determine wheth-

er defendant's position was "clearly reasonable" because it did not file an answer or dispositive motion indicating a position in the underlying proceeding. Defendant's very refusal to state a litigation position by filing an answer or dispositive motion could be interpreted as an unreasonable position, or even worse, a devil-may-care attitude towards plaintiffs' claims.