## TAX ANALYSTS

v.

## The UNITED STATES.

### No. 440–85T.

United States Claims Court.

Feb. 24, 1987.

William A. Dobrovir, Washington, D.C., for plaintiff.

Theodore D. Peyser, Washington, D.C., with whom was Roger M. Olsen, Asst. Atty. Gen., for defendant.

## ORDER

SETO, Judge.

Plaintiff in this action applies for an award of attorney's fees and expenses under 26 U.S.C. § 7430, contending that defendant unreasonably refused to concede liability on the underlying claim and as a result, plaintiff incurred $2,745.48 in fees and expenses. For the reasons that follow, plaintiff's motion is granted as modified by this order.

### Facts

Plaintiff, Tax Analysts, is a nonprofit organization that is exempt from federal income tax under section 501(c)(3) of the Internal Revenue Code. As a tax-exempt organization, plaintiff is required to file an annual Form 990, which on the basis of plaintiff's fiscal year is due to be filed with the Internal Revenue Service (IRS) on or before November 15 or the next business day if that day is a Sunday or legal holiday. Plaintiff's Executive Director, Thomas F. Field, completed the 1981 Form 990 on Sunday, November 15, 1981, stamped the envelope containing the form and placed it in the office's outgoing mail. On May 21, 1982, plaintiff received a form letter from the IRS inquiring about the 1981 Form 990. Plaintiff responded that the form had been filed timely and sent a copy of the form to the IRS. The IRS apparently treated this copy as the original filing and in July 1982, plaintiff was assessed a $1,900 penalty because the explanation for filing the late return was deemed not acceptable as a reasonable cause. Plaintiff appealed the assessment, and paid the penalty plus interest to stop interest from accruing while the appeal was pending. Plaintiff also filed a claim for refund, Form 843, requesting a refund of the penalty payment. In May 1983 the IRS denied plaintiff's administrative appeal and in April 1985 the IRS rejected plaintiff's claim for refund of the penalty. Plaintiff filed its complaint in this court on July 31, 1985, seeking to recover the penalty and interest paid to the IRS. Defendant conceded liability for its error in losing, destroying or misfiling plaintiff's timely 1981 Form 990, and the parties filed a stipulation to this effect on November 6, 1985.

### Discussion

Section 7430(a) of Title 26 provides that in a civil proceeding, the prevailing party may be awarded reasonable litigation costs incurred in the proceedings. Section 7430(c)(2) provides:

(A) In general—The term "prevailing party" means any party to any proceeding described in subsection (a) (other

than the United States or any creditor of the taxpayer involved) which—

(i) establishes that the position of the United States in the civil proceeding was unreasonable, and

(ii)(I) has substantially prevailed with respect to the amount in controversy, or (II) has substantially prevailed with respect to the most significant issue or set of issues presented.

In this action plaintiff contends that the government acted unreasonably in refusing to concede liability at an earlier point in the administrative proceedings, and the court should consider defendant's unreasonable prelitigation conduct when deciding whether to award attorney's fees. Defendant argues in opposition that under section 7430, only the position taken by the government in the *court* action is relevant and because the government's conduct after filing was reasonable, attorney's fees should not be awarded. The dispositive factor in this action is our construction of section 7430—does the term "civil proceeding" mean only proceedings in *court*, or is the term more broadly defined to include the

government's position in *administrative* or *prelitigation* proceedings. The court is satisfied that plaintiff has met the other requirements under the statute: plaintiff has exhausted its administrative remedies, *see* section 7430(b)(2); and plaintiff by stipulation has prevailed with respect to the amount in controversy, *see* section 7430(c)(2)(A)(ii). Therefore, we address the scope of the phrase "position of the United States in the civil proceeding" before we are able to evaluate the reasonableness of the government's actions in defending against this claim.

Courts have split in interpreting section 7430. Some have found that "position of the United States in the civil proceeding" encompasses only proceedings that occur after an action has been filed in court.[1] Other courts have found that the government's prelitigation posture should be considered in evaluating reasonableness under section 7430.[2] The Claims Court has not before considered in detail the scope of the term "civil proceeding," [3] but the reasoning of other federal courts is instructive.

1. *See, e.g., Ewing & Thomas, P.A. v. Heye,* 618 F.Supp. 648, 649 (M.D.Fla.1985), *aff'd,* 803 F.2d 613 (11th Cir.1986); *Brazil v. United States,* 84–2 U.S.Tax Cas. (CCH) ¶ 9596 (D.Or.1984) [Available on WESTLAW, DCTU database]; *Zielinski v. United States,* 84–1 U.S.Tax Cas. (CCH) ¶ 9514 (D.Minn.1984) [Available on WESTLAW, DCTU database]; *Eidson v. United States,* 84–1 U.S.Tax Cas. (CCH) ¶ 9182 (N.D.Ala.1984) [Available on WESTLAW, DCTU database]; *Baker v. Commissioner of Internal Revenue,* 83 T.C. 822, 827 (1984), *aff'd,* 787 F.2d 637 (D.C.Cir.1986).

2. *See, e.g., Finney v. Roddy,* 617 F.Supp. 997, 1001 (E.D.Va.1985); *Roggeman v. United States,* 85–2 U.S.Tax Cas. (CCH) ¶ 9473 (N.D.Ill.1985) [Available on WESTLAW, DCTU database]; *Rosenbaum v. Internal Revenue Service,* 615 F.Supp. 23, 24 (N.D.Ohio 1985); *Sharpe v. United States,* 607 F.Supp. 4, 8 (E.D.Va.1984); *Hallam v. Murphy,* 586 F.Supp. 1, 3 (N.D.Ga.1983); *Penner v. United States,* 584 F.Supp. 1582, 1583–84 (S.D.Fla.1984).

3. In *Columbus Fruit & Vegetable Cooperative Association, Inc. v. United States,* 8 Cl.Ct. 525 (1985), the court mentioned this issue in dictum: "Having concluded that defendant assumed an unreasonable position during the litigation of the underlying case, it is unnecessary to review defendant's position at the administrative level." *Id.* at 530. Noting this, the court went on to

resolve the *"separate issue* of whether plaintiff may recover fees incurred during both the administrative and litigation stages of the underlying case," and concluded that fees expended during the litigation stage only may be recovered. *Id.* at 530–31 (emphasis added).

In a recent decision, *Kansas City Southern Transport Co. v. United States,* 11 Cl.Ct. 484, 487–488 (1986), the court discussed the meaning of the term "civil proceeding" in conjunction with the *Columbus Fruit* issue of whether fees incurred in both administrative and litigation stages should be awarded. The *Kansas City* court, however, seemed to mesh the two issues, without discussing the case law that defined the scope of "civil proceedings" in the context of attorney's fees. *Kansas City* followed *Columbus Fruit,* holding that only litigation fees are recoverable, but extrapolated on that holding, stating that "[a]ccordingly, the court need only determine the position of defendant to see if it was 'clearly reasonable' from the time of the filing of the Complaint in the underlying case." *Id.* at 488. Although the *Kansas City* court purported to follow *Columbus Fruit,* it did not specifically address whether the two issues are separate and did not give them separate scrutiny. Because this court finds that the issues are discrete, it is incumbent upon us to consider the case law that specifically addresses the meaning of "position of the United States in the civil proceeding."

■ Several circuit courts have ruled on this issue, two interpreting section 7430 broadly to include prelitigation conduct.[4] The First Circuit, in *Kaufman v. Egger*, 758 F.2d 1 (1st Cir.1985), held that prelitigation conduct can be considered in setting attorney's fees under section 7430. In reaching this conclusion, *Kaufman* relied on the legislative history of section 7430, which the court found supported the proposition that liability for attorney's fees was triggered by unreasonable IRS conduct at *any* stage of the proceedings. *Id.* at 4, citing Senate Comm. on Finance, Technical Explanation of Committee Amendment, *reprinted in* 127 Cong.Rec. §§ 15587, 15594 (Dec. 16, 1981). The court also noted that interpreting section 7430 to include prelitigation conduct furthers the legislative goals of deterring IRS abuses and over-reaching, and enabling individual taxpayers to vindicate their rights regardless of economic circumstances. *Id.*, citing H.R.Rep. No. 404, 97th Cong., 2d Sess. 11 (1982). The Fifth Circuit has adopted a less expansive interpretation of section 7430, holding that the IRS position throughout the administrative proceedings need not be examined, but rather the court should focus on the IRS's position at the time the taxpayer's petition was filed. *Powell v. Commissioner of Internal Revenue*, 791 F.2d 385, 392 (5th Cir.1986). The *Powell* court, unlike *Kaufman*, reached its conclusion via a route other than examining legislative history: it drew upon the 1985 amendments to the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(2)(D) (Supp. III 1985). The 1985 amendments clarified[5] the reach of the EAJA by adding section 2412(d)(2)(D),

4. The Tenth, Eleventh, and District of Columbia Circuits have found that "position of the United States" refers to only the government's in-court litigating position. The Tenth Circuit cursorily addressed the issue in *United States v. Balanced Financial Management, Inc.*, 769 F.2d 1440 (10th Cir.1985), stating that for purposes of section 7430, "the position of the United States means the arguments relied upon by the Government in litigation." *Id.* at 1450. In support, the court cites *United States v. 2,116 Boxes of Boned Beef*, 726 F.2d 1481 (10th Cir.1984), which interpreted the phrase "position of the United States" under the EAJA as the litigation stance. *Id.* at 1487. *2,116 Boxes*, however, was decided before Congress amended the EAJA in 1985 to clarify that the phrase "position of the United States" included prelitigation conduct. In light of the 1985 amendments, which, as discussed in the text of this opinion, clarify section 7430 as well, this reasoning is no longer valid.

The D.C. Circuit held in *Baker v. Commissioner of Internal Revenue*, 787 F.2d 637 (D.C.Cir. 1986), that under section 7430, the "relevant *position* of the United States is the one taken *in the civil proceeding*." *Id.* at 641 (emphasis in original); *see also Ewing & Thomas, P.A. v. Heye*, 803 F.2d 613, 615 (11th Cir.1986) (adopting reasoning of *Baker* and *Balanced Financial Management*). The court stated however, that it did not "take issue with the Tax Court's conclusion that the Commissioner's legal position, *at the time Baker filed his petition* with that court, appeared to be within the pale of reason." *Id.* at 642 (emphasis added). Therefore, the court seemed to look to the government's posture immediately before court proceedings began. Moreover, in a footnote, the court noted that section 7430 differs from the EAJA and

apparently reasoned that the 1985 EAJA amendments did not clarify the scope of section 7430 as well as that of the EAJA. *Id.* at 641 n. 8. As discussed in the text of this opinion, this court and others have held that the EAJA and section 7430 are complementary and should be given equal effect and construction. For this reason, we do not adopt the reasoning of *Baker,* but rather follow *Kaufman* and *Powell,* which rely on legislative history and the analogous EAJA provisions to establish the scope of section 7430.

5. The Fifth Circuit has stated that the legislative history of this amendment definitively shows that the additions were meant only "to clarify existing law." *See Russell v. National Mediation Board,* 775 F.2d 1284, 1286 (5th Cir.1985). And, as discussed in *Finney,* the legislative history states that the amendments were necessary because agencies and courts had misconstrued the EAJA by interpreting "position of the United States" narrowly, which helped the federal government escape liability for awards. 617 F.Supp. at 1001, citing H.R.Rep. No. 120, 99th Cong., 1st Sess. 9 (1985), *reprinted in* 1985 U.S.Code Cong. & Admin.News 132, 137; *see also Gavette v. Office of Personnel Management,* 785 F.2d 1568, 1578–79 (Fed.Cir.1986) (en banc) (stating that EAJA amendments make it "clear that the position of the United States" includes the position taken by the agency at the administrative level); *United Construction Company, Inc. v. United States,* 11 Cl.Ct. 597, 599 (1987) (discussing EAJA amendments which require court to consider position of United States at administrative level); *Eastern Marine, Inc. v. United States,* 10 Cl.Ct. 184, 187 (1986) (discussing EAJA amendments which clarify the meaning of "position of the United States").

which provides in relevant part that " 'position of the United States' means, in addition to the position taken by the United States in the civil action, the action or the failure to act *by the agency upon which the civil action is based* (emphasis added)." This amendment is relevant in construing section 7430; several courts have given equal effect to the analogous phrases in these two attorney's fee statutes. *See Powell,* 791 F.2d at 390–91 (finding that Congress' retroactive interpretation of EAJA should be equally applicable to section 7430); *Finney v. Roddy,* 617 F.Supp. 997, 1001–02 (E.D.Va.1985) (holding that section 7430 and section 2412 should be read *in pari materia*); *Columbus Fruit & Vegetable Cooperative Association v. United States,* 8 Cl.Ct. 525, 527–28 (1985) (adopting principles of EAJA case law in determining section 7430 attorney's fees awards in tax cases); *Sharpe v. United States,* 607 F.Supp. 4, 7 (E.D.Va.1984) (holding that section 7430 was meant only to supplant section 2412 with respect to tax matters); *Kaufman v. Egger,* 584 F.Supp. 872, 877 n. 1 (D.Me.1984) (finding "no dispositive difference" between section 7430 and section 2412 standards of reasonableness), *aff'd,* 758 F.2d 1 (1st Cir.1985). Therefore, the 1985 amendments to the EAJA, which apply to and govern our interpretation of section 7430, compel us to conclude that the IRS's prelitigation conduct should be considered in making the unreasonableness inquiry under the attorney's fees statute. *See Powell,* 791 F.2d at 389; *Finney,* 617 F.Supp. at 1001.

In addition to the dictates of legislative history cited in *Kaufman* and the EAJA amendments cited in *Powell,* policy reasons persuade us that section 7430 should be read broadly to include prelitigation conduct. As the *Kaufman* court stated:

"It would seem to frustrate the purpose of section 7430 if we were to interpret it in such a way that the IRS, after causing a taxpayer all kinds of bureaucratic grief at the administrative level, could escape attorney's fee liability by merely chang-

ing its tune after the initiation of a suit by the taxpayer."

758 F.2d at 4; *see also Rosenbaum v. Internal Revenue Service,* 615 F.Supp. 23, 24 (N.D.Ohio 1985) (finding that unless prelitigation conduct was considered, it would "be too easy in every case for [the IRS] to become 'reasonable' after a case is filed when its conduct had caused untold hardships at the administrative level"). The potential for abuses at the agency level are especially worrisome since the statute requires that administrative remedies be exhausted. 26 U.S.C. § 7430(b)(2). Plaintiffs are forced to proceed at the administrative level, regardless of the results they achieve or the treatment they encounter, and the potential for unreasonable agency conduct is increased.

Having decided that the IRS's prelitigation conduct bears on the unreasonableness inquiry required under section 7430, we turn next to consider the proceedings in this case, both those occurring at the agency level and the litigation level after the petition was filed. Plaintiff has maintained throughout the proceedings that Form 990 was filed timely, and that through the fault of the IRS Philadelphia Service Center, the filing was lost, misfiled or improperly recorded. The Philadelphia Center, plaintiff claims, is notorious for its disarray, and in support cites U.S. General Accounting Office Fact Sheet to Congressional Requestors, "Tax Administration Information on IRS' Philadelphia Service Center" (Nov. 26, 1985), GAO/GGD–86–25FS at 15 *et seq.* The IRS over the course of three years took the position that the Form 990 had not been timely filed, despite the statements and affidavit[6] to the contrary by Thomas Field, plaintiff's executive director and preparer of Form 990, and despite the knowledge that the Philadelphia Center was possibly at fault. The case was filed on July 31, 1985, and just three months later, defendant conceded liability and judgment was entered for plaintiff.

■ After the action was filed, defendant deposed Mr. Field, apparently to con-

---

**6.** *See* Plaintiff's Reply at 5–6 & Exhibit F (filed   Jan. 13, 1986).

firm his statement that he had filed timely Form 990, and defendant then conceded liability five days after that. It seems to the court that the IRS's position during the IRS proceedings was unreasonable. By failing to consider Mr. Field's statement earlier on, in conjunction with the possibility of error at the Philadelphia Center, the IRS delayed the ultimate resolution of plaintiff's claim for refund of the penalty that had been paid with interest. The protracted agency proceedings, contrasted with the speedy court proceedings, seems to evidence the type of unreasonableness that warrants an award of attorney's fees under section 7430 to ameliorate the burden imposed by defendant's dilatory prelitigation conduct. The court acknowledges that the issue of unreasonableness is not easily resolved and must be determined on a case-by-case basis. As the Federal Circuit has stated in an EAJA case, "[f]ixed rules cannot be established" for determining reasonableness or substantial justification, and what meets this standard in one case is "unlikely to be a significant precedent in determining that issue in another case." *Broad Avenue Laundry & Tailoring v. United States*, 693 F.2d 1387, 1391 (Fed.Cir.1982). We find, however, that the government's position in the administrative proceeding was unreasonable, and having met this burden and the other requirements under section 7430, plaintiff is entitled to attorney's fees.

Plaintiff seeks $2,745.48 in attorney's fees and expenses for the merits phase of this litigation.[7] Defendant asserts that plaintiff should be limited to $75 per hour, as provided for in EAJA, 28 U.S.C. § 2412(d)(2)(A) and as was awarded in *Schuenemeyer v. United States*, 776 F.2d 329, 333 (Fed.Cir.1985) (limiting claim under EAJA to the $75 per hour statutory maximum since no showing that government's conduct was "reprehensible"). Defendant also asserts that much of the dis-

covery, taken before the answer was filed, was unnecessary and uncalled for, given the small size of the claim, and that fees claimed for time spent drafting a class action motion should not be allowed since the motion was never filed. Further, defendant contends that none of the expenses claimed, except the filing fee, qualifies under the taxable costs provisions of 28 U.S.C. § 1920 or Appendix I of the RUSCC and therefore should not be awarded. In substantial part, we agree with plaintiff's assessment of fees and expenses.

First, we agree with *Columbus Fruit* that an award of $75 per hour is reasonable. 8 Cl.Ct. at 531. Although section 7430 does not cap fees at $75 per hour as the EAJA does, we again find that the parameters of the EAJA are instructive in applying section 7430, and accordingly we limit plaintiff's award in this case to $75 per hour. Second, we do not agree with defendant that the discovery taken, including the deposition of Mr. Field, was superfluous, and indeed find it was necessary in reaching a stipulation of judgment. It was only after Mr. Field's deposition that defendant conceded liability. Third, we deny the fees claimed for drafting a class action motion, because it is not clear why that expenditure was necessary or warranted in plaintiff's case. Finally, we grant plaintiff's claim for court fees, but deny claims for duplication and postage, because they are "expenses ordinarily arising in the course of providing legal services" and not reimbursable under attorney's fees statutes. *See Massachusetts Fair Share v. Law Enforcement Assistance Administration*, 776 F.2d 1066, 1069 (D.C.Cir.1985) (denying claim for postage, travel and telephone expenses under EAJA); *Action on Smoking & Health v. Civil Aeronautics Board*, 724 F.2d 211, 224 (D.C.Cir.1984) (refusing to award postage expenses under EAJA); *Oliveira v. United States*, 11 Cl.Ct. 101, 109 (1986) (denying claims for

---

7. Although the court has examined prelitigation activities to assess the unreasonableness of the government's position, plaintiff does not seek and may not recover attorney's fees incurred during the administrative stage of the case. *See*

*Columbus Fruit*, 8 Cl.Ct. at 530–31 (citing legislative history of section 7430, which provides that only reasonable costs incurred in *litigation* may be recovered).

postage, telephone, printing and binding under EAJA). Moreover, we find defendant's attempt to limit expenses to taxable costs unsuccessful. This argument has been explicitly rejected as "overly narrow" by the D.C. Circuit in *Laffey v. Northwest Airlines, Inc.*, 746 F.2d 4, 30 (D.C.Cir. 1984), *cert. denied*, 472 U.S. 1021, 105 S.Ct. 3488, 87 L.Ed.2d 622 (1985) (citing *Northcross v. Board of Education*, 611 F.2d 624, 639 (6th Cir.1979), *cert. denied*, 447 U.S. 911, 100 S.Ct. 2999, 64 L.Ed.2d 862 (1980)). Taxation of costs are on a "different footing," and are not related to the separate authorization for attorney's fees found in other statutes. *Northcross*, 611 F.2d at 639–40.

### Conclusion

For the reasons stated, plaintiff's application for an award of attorney's fees under 26 U.S.C. § 7430 is GRANTED as modified by this order. Plaintiff shall submit to the court an application for attorney's fees and expenses which conforms to this order and which includes the costs of preparing the application. *See Schuenemeyer*, 776 F.2d at 333 (attorney's fees incurred in preparing fee application are compensable under EAJA). Plaintiff's motion to compel answers to interrogatories and responses to requests for production is DENIED as MOOT.

IT IS SO ORDERED.