909 F.2d 1484
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Evelyn D. REEL, Willard D. Reel, Petitioners-Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 89-1905.
 United States Court of Appeals, Sixth Circuit.
 Aug. 2, 1990.
 
 Before KENNEDY, BOGGS and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Evelyn D. and Willard D. Reel appeal the Tax Court's denial by marginal entry of their motion for recovery of certain costs and fees from the Internal Revenue Service. The Reels contend that they are entitled to recover the amounts claimed because they successfully pursued a civil action for redetermination of a tax deficiency in the Tax Court. Upon consideration, we conclude that the motion for costs and fees was properly denied as a matter of law.
 
 
 3
 I.R.C. Sec. 7430 provides the sole remedy for the amounts sought. Lawler v. United States, 16 Cl.Ct. 53, 55-56 (1988). However, attorney's fees and costs expended during administrative proceedings prior to civil litigation are not recoverable. Kansas City S. Transp. Co. v. United States, 11 Cl.Ct. 484, 488 (1986); Columbus Fruit & Vegetable Coop. Ass'n, Inc. v. United States, 8 Cl.Ct. 525, 530-31 (1985). Likewise, amounts attributable to individuals not "authorized to practice before the Tax Court or before the Internal Revenue Service" are not recoverable. See I.R.C. Sec. 7430(c)(3). Missouri v. Jenkins, 109 S.Ct. 2463 (1989), is not to the contrary. In Jenkins, the Supreme Court concluded that compensation for non-attorneys as a component of "the work product of an attorney" is available under 42 U.S.C. Sec. 1988. Jenkins, 109 S.Ct. at 2470. Here, the individuals in question did not act under the supervision of an attorney. Thus, the amounts petitioners sought are not recoverable under Sec. 7430.
 
 
 4
 Accordingly, the judgment of the Tax Court is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.